PEOPLE OF THE CITY OF PONTIAC v KLEIN

Obscenity—Instructions to Jury—Fighting Words.

In a prosecution for violation of a municipal ordinance prohibiting obscene language, the trial court's failure to instruct the jury that they could not convict defendants without first finding that defendants had uttered "fighting words", as that term is defined by U. S. Supreme Court precedent, was error (Pontiac Ordinance No. 728, § 2A[20a]).

Appeal from Oakland, Richard D. Kuhn, J. Submitted January 7, 1976, at Lansing. (Docket No. 21889.) Decided February 23, 1976.

Tova Klein and Jane Williams were convicted in district court of using obscene language in violation of an ordinance of the City of Pontiac. Defendants appealed to circuit court. Affirmed. Defendants appeal by leave granted. Reversed.

*Alger H. Storm,* Deputy City Attorney, for plaintiff.

*Neal Bush,* for defendants.

Before: Danhof, P. J., and V. J. Brennan and M. J. Kelly, JJ.

Per Curiam. Any appellate tribunal which ventures into the realm of obscenity does so with trepidation. The conscience of the Federal commu-

Reference for Points in Headnote

50 Am Jur 2d, Lewdness, Indecency and Obscenity § 41.

nity as interpreted by the United States Supreme Court must be petrified to obscenity by now. It has said about the four-letter word in question here:

"For, while the particular four-letter word being litigated here is perhaps more distasteful than most others of its genre, it is nevertheless often true that one man's vulgarity is another's lyric." *Cohen, infra,* at 25.

Obscenity is thus cast as subjective—a relative matter.

Defendants Tova Klein and Jane Williams were convicted on September 21, 1972, by a 50th District Court jury of violating Pontiac Ordinance No. 728, § 2A(20a), which prohibits the use of "indecent, profane, or obscene language in the presence of others". They were sentenced to pay a fine and now appeal to this Court from the affirmance of their convictions and sentences by the Oakland County Circuit Court. The appeal is by leave granted pursuant to GCR 1963, 803.3; 806.2.

After the testimony had been completed, the defendants submitted several written requests for jury instructions to the trial judge. One of the requested instructions would have told the jury that they could not convict the defendants without first finding that they had uttered "fighting words" as that term is used in *Chaplinsky v New Hampshire,* 315 US 568, 572; 62 S Ct 766; 86 L Ed 1031 (1942), and subsequent cases. In both the district and circuit courts, the defendants argued that the requested limiting instruction was necessary because of several U. S. Supreme Court decisions which had found similar statutes and ordinances to be unconstitutionally overbroad where they were not so limited.

We are of the unanimous opinion[1] that the trial judge instructed on the law as it should be but not as it is. It is ridiculous to perpetuate an artificial characterization of obscenity as constituting "fighting words". We would ordinarily be disposed to take judicial notice that many members of society are not fighters. Does this illusive concept require motivation to combat from all who are exposed to the utterance? We think not but we are told by the highest court that "God damned mother fucking police" must be determined by the trier of fact to be fighting words to sustain a conviction for violation of a breach of peace ordinance. *Lewis v New Orleans,* 415 US 130; 94 S Ct 970; 39 L Ed 2d 214 (1974).

While there are several types of speech which may properly be punished by the states, it appears that the "fighting words" classification is the only one which might properly have been applied to the defendants' conduct in the present case. *Cohen v California,* 403 US 15; 91 S Ct 1780; 29 L Ed 2d 284 (1971). Since, as interpreted by the trial judge, the ordinance permitted the jury to convict the defendants after merely finding that their language was "grossly vulgar" or "profane", the convictions cannot be allowed to stand. *Gooding v Wilson,* 405 US 518; 92 S Ct 1103; 31 L Ed 2d 408 (1972).

We do not, however, strike down the ordinance itself. Rather, we hold that the interpretation employed by the trial judge was too broad. Therefore, the plaintiff city may, if it chooses, once again bring the defendants to trial under the

[1] Our personal opinions are irrelevant. *Grand Rapids City Attorney v Bloss,* 17 Mich App 318, 340; 169 NW2d 367 (1969), opinion of LEVIN, P. J., made controlling by U. S. Supreme Court *sub nom Bloss v Dykema,* 398 US 278, 90 S Ct 1727; 26 L Ed 2d 230 (1970).

ordinance. However, at any future trial, an instruction as requested by the defendants at their first trial must be given.

Reversed.