PEOPLE v BARTON

Docket No. 234277. Submitted October 1, 2002, at Grand Rapids. Decided
November 1, 2002, at 9:00 A.M.

Janice Barton was convicted by a jury in the 85th District Court,
Brent Danielson, J., of violating a Manistee city ordinance that pro-
hibits a person from engaging "in any indecent, insulting, immoral
or obscene conduct in any public place." The conviction was based
on the defendant's oral reference to fellow restaurant patrons as
"spics." She was sentenced to forty-five days in jail and two years'
probation. After the defendant had spent three days in jail and
while considering her motion for a stay pending appeal, the court
vacated the conviction and sentence, accepted a plea of guilty of
being a disorderly person, and sentenced the defendant to seven
days in jail and two years' probation. The defendant sought leave to
appeal to the Manistee Circuit Court. That court, James M. Batzer,
J., denied the motion. The Court of Appeals denied the defendant's
application for leave to appeal from that order in an unpublished
order entered August 11, 2000 (Docket No. 225931). The Supreme
Court, in lieu of granting leave to appeal, remanded the matter to
the Court of Appeals for consideration as on leave granted. 464
Mich 853 (2001).

The Court of Appeals held:

1. The district court was not authorized to vacate the defendant's
conviction and sentence and accept a guilty plea with regard to a
different charge where there was no allegation of error in the dis-
trict court.

2. The district court's construction of the relevant ordinance as
limited in scope to "fighting words" satisfactorily limited it to a
constitutionally permissible scope. Therefore, the defendant may
not challenge the ordinance as being overbroad on its face.

3. The ordinance, as construed by the district court, is not uncon-
stitutionally vague on its face because it provides fair notice of the
conduct that can be proscribed without violating the constitution
and is sufficiently definite to prevent arbitrary and discriminatory
enforcement.

4. The ordinance is unconstitutionally vague as applied to the
defendant. The ordinance, as construed, failed to provide the

defendant fair notice of the conduct proscribed. The term "insulting" did not give adequate forewarning that the act of referencing a person by a racial slur may rise to the level of "fighting words" that can be proscribed constitutionally. The conviction must be reversed.

Reversed and remanded.

*Matthew Posner* for Janice Barton.

Amici Curiae:

*John F. Rohe* (*Barnaby W. Zall,* of counsel) for the Center for American Unity and ProEnglish.

Before: FITZGERALD, P.J., and HOLBROOK, JR., and CAVANAGH, JJ.

PER CURIAM. This appeal by defendant thas been remanded by our Supreme Court for consideration as on leave granted, *People v Barton,* 464 Mich 853 (2001), following her district court jury conviction of insulting conduct in a public place in violation of Manistee City Ordinance 662.01(B)(3). We reverse and remand.

Defendant was originally charged with disturbing the peace in violation of Manistee City Ordinance 662.01(B)(19) after she was overheard referring to fellow restaurant patrons as "spics." The complaint was subsequently amended to charge defendant with a violation of Ordinance 662.01(B)(3), which provides: "No person shall engage in any indecent, insulting, immoral or obscene conduct in any public place." Defendant was convicted by a district court jury of the charge and sentenced to forty-five days in jail and two years' probation. After defendant spent approximately three days in jail and on her motion for a stay pending appeal, the trial court inexplicably vacated defendant's jury conviction and sentence, accepted

her plea of guilty with regard to a charge of being a disorderly person, and sentenced her to seven days in jail and two years' probation. Defendant sought leave to appeal to the circuit court, which denied leave to appeal. This Court denied leave to appeal from that order, and the Supreme Court, in lieu of granting leave to appeal, remanded the matter to this Court for consideration as on leave granted.

Defendant first claims that the trial court did not have the authority to vacate her jury conviction and accept a guilty plea to a different charge. We agree. The trial court did not have the authority to vacate defendant's jury conviction and original sentence because there was no allegation of error claimed in the trial court. See Const 1963, art 3, § 2; MCL 770.1; *People v Erwin*, 212 Mich App 55, 63; 536 NW2d 818 (1995); *People v Upshaw*, 91 Mich App 492, 494; 283 NW2d 778 (1979). Consequently, but for our holding discussed below, defendant's original conviction and sentence would be reinstated.

Next, defendant argues that Manistee City Ordinance 662.01(B)(3) is unconstitutionally overbroad and vague on its face. The constitutionality of an ordinance is evaluated under the same rules as statutes; accordingly, the issue is reviewed de novo as a question of law. *Plymouth Charter Twp v Hancock*, 236 Mich App 197, 199; 600 NW2d 380 (1999).

Statutes and ordinances are presumed to be constitutional and must be construed as constitutional unless their unconstitutionality is clearly apparent. *People v Noble*, 238 Mich App 647, 651; 608 NW2d 123 (1999). A facial challenge on overbreadth grounds may be successful if substantial overbreadth is illustrated and there is " 'a realistic danger that the statute

itself will significantly compromise recognized First Amendment protections of parties not before the Court . . . .' " *In re Chmura,* 461 Mich 517, 531; 608 NW2d 31 (2000), quoting *Los Angeles City Council v Taxpayers for Vincent,* 466 US 789, 801; 104 S Ct 2118; 80 L Ed 2d 772 (1984); see, also, *People v Rogers,* 249 Mich App 77, 96; 641 NW2d 595 (2001). However, an otherwise overbroad or vague statute may be saved from invalidation when it has been or could be subject to a narrow and limiting construction. *Id.,* citing *Broadrick v Oklahoma,* 413 US 601, 613; 93 S Ct 2908; 37 L Ed 2d 830 (1973); *Oak Park v Smith,* 79 Mich App 757, 760-761; 262 NW2d 900 (1977).

Here, Ordinance 662.01(B)(3) proscribes "any indecent, insulting, immoral or obscene conduct in any public place." However, consistent with *Smith, supra* at 760, and *Pontiac v Klein,* 67 Mich App 556, 557-559; 242 NW2d 436 (1976), the lower court limited the scope of the ordinance to that of "fighting words." In *Chaplinsky v New Hampshire,* 315 US 568, 572; 62 S Ct 766; 86 L Ed 1031 (1942), the United States Supreme Court identified "fighting words" as a class of speech that was not afforded constitutional protection. Thus, the limiting construction served to eliminate the danger inherent in the overbreadth context in that it will prevent convictions for conduct that is not criminal. Consequently, the court's construction of the ordinance satisfactorily limited it to a constitutionally permissible scope and defendant may not challenge the ordinance as being overbroad on its face. See *Gooding v Wilson,* 405 US 518, 521; 92 S Ct 1103; 31 L Ed 2d 408 (1972); *In re Chmura, supra* at 531-532; *Rogers, supra* at 101.

Defendant also argues that Ordinance 662.01(B)(3) is unconstitutionally vague on its face because its general terms fail to provide fair notice of the prohibited conduct and invite arbitrary and inconsistent enforcement. See *Kolender v Lawson*, 461 US 352, 357; 103 S Ct 1855; 75 L Ed 2d 903 (1983); *People v Vronko*, 228 Mich App 649, 652; 579 NW2d 138 (1998). In particular, defendant claims a lack of notice regarding the proper meaning of the term "insulting" that implicates and impinges on First Amendment freedoms. We note that defendant may challenge the ordinance as unconstitutionally vague on its face because it threatens First Amendment interests. See *Rogers, supra* at 95.

An ordinance is unconstitutionally vague on its face if it fails to provide fair notice of the prohibited conduct or is so indefinite that it permits unstructured and unlimited discretion to be exercised by those empowered to enforce it or determine whether the law has been violated. See *Noble, supra*; *Plymouth Charter Twp, supra* at 200. To comport with the fair notice requirement, an ordinance must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited. *Noble, supra* at 652. An ordinance is sufficiently definite if its meaning "can fairly be ascertained by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words." *Id.*

Here, the ordinance proscribed "any indecent, insulting, immoral or obscene conduct in any public place." In *People v Boomer*, 250 Mich App 534; 655 NW2d 255 (2002), this Court struck down as unconstitutionally vague a statute that was quite similar in that it proscribed " 'any indecent, immoral, obscene,

vulgar or insulting language . . . .' " *Id.* at 536. In that case, this Court held that "it would be difficult to conceive of a statute that would be more vague . . . . There is no restrictive language whatsoever contained in the statute that would limit or guide a prosecution for indecent, immoral, obscene, vulgar, or insulting language." *Id.* at 540. Accordingly, this Court concluded that the statute failed to provide fair notice of the prohibited conduct and encouraged arbitrary and discriminatory enforcement. *Id.*

In *Boomer*, however, the trial court did not impose a limiting construction on the contested statute. In this case, the trial court did limit the application of the ordinance to that of "fighting words." The trial court's imposition of a narrowing construction was in accord with its duty to uphold the constitutionality of a statute or ordinance and, if necessary, to give such a limiting construction if to do so would render it constitutional. See *Rogers, supra* at 94; *People v F P Books & News, Inc (On Remand)*, 210 Mich App 205, 209; 533 NW2d 362 (1995). As required in vagueness determinations, we must also take the limiting construction into consideration. See *Kolender, supra* at 355; *Boomer, supra* at 539; *Rogers, supra.* Accordingly, we conclude that, as judicially construed, the ordinance is not unconstitutionally vague on its face because limiting the application of the ordinance to "fighting words" provides fair notice of conduct that can be proscribed constitutionally and is sufficiently definite to prevent arbitrary and discriminatory enforcement. See *Noble, supra; Smith, supra* at 760. However, the ordinance is unconstitutionally vague as applied to defendant.

Defendant was charged under the "insulting" term of the ordinance. Even if the limiting construction of the ordinance remedied its failure to provide sufficient standards to determine whether a crime had been committed, the construction did not rehabilitate the ordinance with regard to its failure to provide fair notice to defendant of the conduct proscribed. Here, as noted by the *Boomer* Court, "[a]llowing a prosecution where one utters 'insulting' language could possibly subject a vast percentage of the populace to a misdemeanor conviction." *Boomer, supra* at 540. The term "insulting" with regard to prohibited conduct did not give adequate forewarning that the challenged conduct—referencing a person by a racial slur—may rise to the level of "fighting words" that can be proscribed constitutionally. In effect, without fair warning, defendant was charged with, and convicted for, conduct that she could not reasonably have known was criminal. Accordingly, the ordinance is unconstitutionally vague as applied to defendant and defendant's conviction must be reversed.

In light of our reversal of defendant's conviction, we need not consider the other issues raised on appeal, including whether defendant's utterance constituted "fighting words."

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.