PEOPLE v RAPP

Docket Nos. 294630 and 295834. Submitted February 3, 2011, at Lansing. Decided May 10, 2011. Approved for publication June 21, 2011, at 9:00 a.m. Affirmed in part and reversed in part, 492 Mich 67.

Jared Rapp was charged in the 54-B District Court, David L. Jordan, J., with violating Michigan State University (MSU) Ordinance 15.05, a misdemeanor, which prohibits a person from disrupting the normal activity of any person, firm, or agency while carrying out service, activity, or agreement for or with the university. The jury convicted defendant, and he appealed his conviction in the Ingham Circuit Court, Paula J. Manderfield, J., which reversed his conviction with prejudice. The circuit court relied on *City of Houston v Hill*, 482 US 451 (1987), and determined that the challenged ordinance was unconstitutional because it was facially overbroad. The Court of Appeals granted the prosecution leave to appeal (Docket No. 294630). Thereafter, the circuit court granted defendant's motion to tax costs pursuant to MCR 7.101(O). The Court of Appeals granted the prosecution leave to appeal this decision as well (Docket No. 294630), and consolidated the appeals.

The Court of Appeals *held*:

1. MSU Ordinance 15.05 is not facially unconstitutional under the overbreadth doctrine, which allows challenges to a law on the basis that it is written so broadly that it impinges on speech protected by the First Amendment. The circuit court's reliance on *Hill* was misplaced and distinguishable on the facts. The ordinance bars the disruption of persons, firms, or agencies carrying out a service, agreement, or activity for the university, but does not grant those persons unlimited discretion to enforce the ordinance, unlike the police in *Hill*, who had unfettered discretion to arrest a violator. The word "disrupt," used in the ordinance, contemplates causing confusion or disorder and thus cannot be deemed to reach a substantial amount of constitutionally protected conduct. Moreover, the ordinance is not focused solely on speech. The circuit court erred by holding that the ordinance was unconstitutional and reversing defendant's conviction with prejudice.

2. The circuit court erred by granting defendant's motion for taxation of costs because MCR 2.625 and MCR 7.101(O) provide no

basis to award costs in a criminal matter. MCL 600.2441(2) similarly provides for taxation of costs in civil, not criminal, matters and does not provide a basis to award costs in a criminal proceeding. Defendant cited no authority suggesting that the assessment of costs against the prosecution in a criminal appeal is permissible, and the prosecution has broad statutory discretion in its charging decisions.

Reversed and remanded to the circuit court to address defendant's remaining issues.

COSTS — APPEAL — CIRCUIT COURT — APPLICABILITY — CRIMINAL MATTERS.

A prevailing party may tax only the reasonable costs incurred in an appeal in the circuit court, including (1) the cost of an appeal or stay bond, (2) the transcript, (3) documents required for the record on appeal, (4) fees paid to the clerk incident to the appeal, (5) taxable costs allowed by law in appeals in the Supreme Court, and (6) other expenses taxable under applicable court rules or statutes, but these costs are only taxable in civil, rather than criminal, matters (MCL 600.2441[2]; MCR 2.625, MCR 7.101[O]).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Stuart J. Dunnings, III*, Prosecuting Attorney, *Guy L. Sweet*, Appellate Division Chief, and *John J. Murray*, Assistant Prosecuting Attorney, for the people.

*J. Nicholas Bostic* for defendant.

Before: SERVITTO, P.J., and GLEICHER and SHAPIRO, JJ.

PER CURIAM. In these consolidated appeals, the prosecution appeals by leave granted the circuit court's orders reversing defendant's misdemeanor convictions on the basis of its determination that the ordinance on which defendant's convictions were based was unconstitutional and assessing costs against the prosecution. Because the ordinance at issue is not facially overbroad, we reverse and remand this matter to the circuit court to permit the court to address defendant's other claims of error.

On September 16, 2008, defendant received a parking ticket in a Michigan State University (MSU) parking structure. Upset about the ticket, defendant confronted university parking enforcement employee Ricardo Rego, who was in the area where defendant's vehicle was parked. Rego was in the process of having another vehicle towed when defendant sped toward his service vehicle. Defendant stopped his vehicle in front of the service vehicle, got out, and walked quickly toward Rego in what Rego perceived to be an aggressive manner. Defendant yelled at Rego, asked if he was the one who gave defendant the ticket, and demanded to know his name. Rego attempted to speak with defendant, but then got into his service vehicle and called for a police officer because defendant was acting aggressively. During the approximately 10 to 15 minutes it took for the police to arrive, defendant remained outside Rego's service vehicle, taking pictures of him with his camera phone. Defendant was thereafter charged with violating MSU Ordinance 15.05, which provides:

> No person shall disrupt the normal activity or molest the property of any person, firm, or agency while that person, firm, or agency is carrying out service, activity or agreement for or with the University.

A jury convicted defendant of the misdemeanor ordinance violation. On appeal, the circuit court reversed defendant's conviction and dismissed the charges with prejudice, concluding that the ordinance was unconstitutionally overbroad on its face. The prosecution sought leave to appeal the circuit court's decision, which we granted (Docket No. 294630). Thereafter, defendant moved to tax costs in the circuit court. The circuit court granted defendant's motion and ordered the prosecution to pay $833.65 in taxable costs. The prosecution

moved for leave to appeal that order as well, and this court granted leave (Docket No. 295834), consolidating both cases.

This Court reviews de novo a circuit court's determination regarding the constitutionality of a statute. *Van Buren Charter Twp v Garter Belt, Inc*, 258 Mich App 594, 608-609; 673 NW2d 111 (2003). Statutes and ordinances are presumed to be constitutional. *People v Barton*, 253 Mich App 601, 603; 659 NW2d 654 (2002). Further, we must construe a statute or ordinance as constitutional unless its unconstitutionality is clearly apparent. *Owosso v Pouillon*, 254 Mich App 210, 213; 657 NW2d 538 (2002). In determining whether a statute or ordinance is unconstitutionally vague or overbroad, a reviewing court should consider the entire text of the statute and any judicial constructions of the statute. See *People v Rogers*, 249 Mich App 77, 94-95; 641 NW2d 595 (2001).

On appeal, the prosecution contends that the circuit court erred by declaring the ordinance at issue facially unconstitutional and reversing defendant's convictions on that basis. We agree.

"The First Amendment commands, 'Congress shall make no law . . . abridging the freedom of speech.' " *Ashcroft v Free Speech Coalition*, 535 US 234, 244; 122 S Ct 1389; 152 L Ed 2d 403 (2002). To that end, statutes have been successfully challenged as unconstitutional on the basis that they, by their very words, impinge upon that freedom and are thus overbroad on their faces. The overbreadth doctrine "allows a party to challenge a law written so broadly that it may inhibit the constitutionally protected speech of third parties, even though the party's own conduct may be unprotected." *In re Chmura*, 461 Mich 517, 530; 608 NW2d 31 (2000).

Claims of facial overbreadth have been entertained in cases involving statutes that by their terms' seek to regulate only spoken words; cases involving statutes that purport to regulate "the time, place, and manner of expressive or communicative conduct"; and cases in which "such conduct has required official approval under laws that delegated standardless discretionary power to local functionaries, resulting in virtually unreviewable prior restraints on First Amendment rights." *Broadrick v Oklahoma*, 413 US 601, 612-613; 93 S Ct 2908; 37 L Ed 2d 830 (1973). The United States Supreme Court has repeatedly emphasized, however, that " 'where a statute regulates expressive conduct, the scope of the statute does not render it unconstitutional unless its overbreadth is not only real, but *substantial* as well, judged in relation to the statute's plainly legitimate sweep.' " *Virginia v Black*, 538 US 343, 375; 123 S Ct 1536; 155 L Ed 2d 535 (2003) (opinion of Scalia, J.), quoting *Osborne v Ohio*, 495 US 103, 112; 110 S Ct 1691; 109 L Ed 2d 98 (1990). "[A]n otherwise overbroad or vague statute may be saved from invalidation when it has been or could be subject to a narrow and limiting construction." *Barton*, 253 Mich App at 604; see also *Broadrick*, 413 US at 613. The United States Supreme Court has further explained that the mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge. *Los Angeles City Council v Taxpayers for Vincent*, 466 US 789, 800; 104 S Ct 2118; 80 L Ed 2d 772 (1984). Rather, "there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court for it to be facially challenged on overbreadth grounds." *Id.* at 801. Courts routinely construe statutes in a manner that avoids a statute's potentially overbroad reach, apply the statute in that case, and leave the statute in place. *Id.* at 799-800.

Relying almost exclusively on *City of Houston v Hill*, 482 US 451; 107 S Ct 2502; 96 L Ed 2d 398 (1987), the circuit court concluded that MSU Ordinance 15.05 was unconstitutionally overbroad on its face because the language barring any person from disrupting the normal activity of various persons associated with the university "obviously criminalizes an extremely broad range of speech. Moreover, just as in [*Hill*], there is nothing in the ordinance that tailors the rule to prohibit only disorderly conduct or fighting words."

In *Hill*, an action was brought challenging the constitutionality of a city ordinance that made it illegal to in any manner oppose, molest, abuse or interrupt a police officer in the execution of his or her duty. The United States Supreme Court held that the ordinance was facially overbroad because it criminalizes a substantial amount of, and is susceptible of regular application to, constitutionally protected speech, and accords the police unconstitutional enforcement discretion. *Id.* at 455, 466-467. The ordinance prohibited persons from "in any manner . . . interrupt[ing]" an officer in the execution of the officer's duty, and noting that the freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics of our free nation, the Court expressed its concern that while the ordinance was admittedly violated scores of times daily, only some individuals—those chosen by the police in their unguided discretion—are arrested. *Id.* at 465-467. The ordinance thus gave the confronted officers unfettered discretion to arrest those in violation as they saw fit.

The ordinance in this matter is distinguishable from that addressed in *Hill*. First, the ordinance in *Hill* concerned police officers—who have the power to arrest—and gave them direct, indiscriminate power to arrest (or not)

those they deemed in violation of the ordinance. The ordinance here prohibits the disruption of MSU employees and others serving the university who are performing their duties. And because all those persons do not have the power to arrest an ordinance violator, the enforcement of the ordinance is not subject to the unlimited discretion of the person.

Second, there is a distinct and important difference in the definitions of the word "interrupt," used in the *Hill* ordinance, and the word "disrupt," used in the ordinance at issue. "Interrupt" is defined in part as "[t]o break the continuity or uniformity of[.]" *The American Heritage Dictionary of the English Language* (2006). The word "disrupt," on the other hand, is defined in part as "[t]o throw into confusion or disorder" and "[t]o interrupt or impede the progress, movement, or procedure of[.]" *Id.* Although one definition of "disrupt" includes the word "interrupt," the word "disrupt" clearly contemplates more than a minimal break in the continuity of an action. The strong words used in its definition ("disorder" and "confusion") support such a finding. One can interrupt an action without causing disorder or confusion, such as by merely asking a question. However, the same conduct does not necessarily disrupt, and by definition, one cannot disrupt an action without causing disorder or confusion. Thus, while "interrupt" could be deemed, as it was in *Hill*, to reach a substantial amount of constitutionally protected conduct, the same can not necessarily be said of "disrupt."

Finally, in *Hill*, the United States Supreme Court's concern focused on the fact that the enforceable portion of the ordinance, as drafted (and as applied to the defendant in that case), served to criminalize only verbal interruptions, of any nature whatsoever, of po-

lice. The ordinance at issue here bars the disruption of MSU employees and others serving the university while performing their duties and is not focused solely on speech. Accordingly, the trial court's reliance on *Hill* was misplaced and defendant's facial challenge of the ordinance based on overbreadth must fail.

We also note that defendant asserted in the trial court and again on appeal in the circuit court that not only was the ordinance unconstitutional on its face, but also as applied to the facts of this case. The circuit court did not address this issue or several other issues defendant raised on appeal in the circuit court. We thus reverse the circuit court's ruling that the ordinance was facially unconstitutional, but remand this matter to the circuit court to address whether the ordinance was unconstitutional as applied and any remaining issues previously raised by defendant on appeal in that court.

The prosecution next contends that the circuit court cannot assess costs absent statutory authority and that no statutory authority allowed the assessment of costs in this matter. We agree.

Defendant moved for taxation of costs pursuant to MCR 7.101(O), which provides:

> Costs. Costs in an appeal to the circuit court may be taxed as provided in MCR 2.625. A prevailing party may tax only the reasonable costs incurred in the appeal, including:
>
> (1) the cost of an appeal or stay bond;
>
> (2) the transcript;
>
> (3) documents required for the record on appeal;
>
> (4) fees paid to the clerk or to the trial court clerk incident to the appeal;
>
> (5) taxable costs allowed by law in appeals to the Supreme Court (MCL 600.2441); and

(6) other expenses taxable under applicable court rules or statutes.

Notably, MCR 2.625, referred to in MCR 7.101(O), applies to the taxation of costs but appears in the rules of civil procedure. Defendant has provided no authority suggesting that either of these court rules is applicable to appeals of criminal matters. As such, there is no basis to award costs under either court rule.

At oral argument on his motion for taxation of costs, defendant also relied on MCL 600.2441. However, MCL 600.2441(2) provides, "In all civil actions or special proceedings in the circuit court, . . . the following amounts shall be allowed as costs in addition to other costs . . . ." Thus, this statute specifically provides for the taxation of costs in *civil* matters and also provides no basis for the assessment of costs against the prosecution in a criminal matter. Defendant fails to cite any other authority suggesting that an assessment of costs against the prosecution in a criminal appeal is permissible. Moreover, this Court will not undermine the broad statutory discretion granted the prosecution in its charging decisions. See, e.g., *People v Conat*, 238 Mich App 134, 149; 605 NW2d 49 (1999). Accordingly, an assessment of costs against the prosecution in defendant's criminal appeal in the circuit court was not appropriate.

We reverse and remand this matter to the circuit court to permit the court to consider defendant's other claims of error. We do not retain jurisdiction.

SERVITTO, P.J., and GLEICHER and SHAPIRO, JJ., concurred.