Murphy, J.
 

 Defendant appeals by leave granted his misdemeanor conviction, following a district court jury trial, of using indecent and vulgar language. MCL 750.337. The district court imposed a sentence of four days’ community service, plus fines and costs of $75 or three days in jail. Defendant’s conviction was affirmed on appeal to the circuit court. Defendant argues, as he did below, that MCL 750.337 is unconstitutional. We reverse defendant’s conviction because MCL 750.337 is unconstitutionally vague.
 

 I. BASIC FACTS AND PROCEDURAL HISTORY
 

 Defendant’s conviction arose out of events that occurred on the Rifle River in Arenac County on August 15, 1998. Witness Michael Smith was canoeing down the Rifle River with his wife and two children approximately forty yards behind defendant’s party, which consisted of five canoes. Smith testified that he saw defendant fall out of his canoe and into the river, at which point defendant loudly uttered a stream of
 
 *536
 
 profanities, while slapping the water and throwing his hands in the air.
 

 Kenneth Socia, a road patrol deputy for the Arenac County Sheriff’s Department who was on duty at the Rifle River that day, testified that he heard a “loud commotion” and “vulgar language” coming from approximately one-quarter mile up the river. Socia looked up and saw defendant chasing a group of canoes, splashing water at them with his paddle, and repeatedly swearing at them. Socia and Smith both testified that the river was crowded with families and children, and that defendant would have been able to see Smith’s two children, who were under five years old. Socia issued defendant a citation for violating MCL 750.337.
 

 MCL 750.337 provides:
 

 Any person who shall use any indecent, immoral, obscene, vulgar or insulting language in the presence or hearing of any woman or child shall be guilty of a misdemeanor.
 

 Before trial in the district court, defendant moved to dismiss the charge on the grounds that the statute was unconstitutionally vague and overbroad, and was also unconstitutional as applied to this case. The district court denied the motion, and the case went to the jury. Defendant was convicted, and he appealed to the circuit court, alleging the same constitutional infirmities in the statute. Without addressing the over-breadth challenge,
 
 [1]
 
 the circuit court issued an oral opinion from the bench holding that the statute was
 
 *537
 
 neither unconstitutionally vague nor unconstitutional as applied to defendant. We granted defendant’s application for leave to appeal.
 

 n. DEFENDANT’S ARGUMENTS ON APPEAL
 

 Defendant argues that his conviction must be reversed because MCL 750.337 is facially unconstitutional on both overbreadth and vagueness grounds. Defendant further argues that his conviction must be reversed because MCL 750.337 is unconstitutional as applied to the circumstances of this case. Finally, defendant argues that his conviction must be reversed because the district court severed the portion of MCL 750.337 concerning “the presence or hearing of any woman,” thereby violating the Legislature’s intent in enacting the statute.
 

 m. ANALYSIS
 

 We find it unnecessary to address defendant’s over-breadth arguments, or to undertake an extensive First Amendment analysis, because we hold that MCL 750.337 is unconstitutionally vague.
 

 MCL 750.337 was enacted, in its present form, in 1931, with its legislative origins dating back to an earlier version enacted in 1897. See historical notes to MCL 750.337. The earlier version of the statute contained the same language as the present version, except that it provided that it applied to language used within the limits of any township, village, or city in the state of Michigan. 1897 PA 219. Throughout the one hundred plus years of its existence, there have been no published Michigan cases addressing the statute.
 

 
 *538
 
 Whether a statute is constitutional is a question of law that this Court reviews de novo.
 
 People v Beam,
 
 244 Mich App 103, 105; 624 NW2d 764 (2000). This includes constitutional challenges based on vagueness.
 
 Id.
 

 In considering defendant’s challenge to the constitutionality of MCL 750.337, this Court adheres to the well-established rule that a statute is presumed to be constitutional and is so construed unless its unconstitutionality is clearly apparent.
 
 People v Noble,
 
 238 Mich App 647, 651; 608 NW2d 123 (1999). The fact that a statute may appear undesirable, unfair, unjust, or inhumane does not of itself render a statute unconstitutional and empower a court to override the Legislature.
 
 Doe v Dep’t of Social Services,
 
 439 Mich 650, 681; 487 NW2d 166 (1992). The Legislature, not the courts, should address arguments that a statute is unwise or results in bad policy.
 
 People v Kirby,
 
 440 Mich 485, 493-494; 487 NW2d 404 (1992). The party challenging the constitutionality of a statute bears the burden of proving its invalidity.
 
 People v Gregg,
 
 206 Mich App 208, 210; 520 NW2d 690 (1994). We will keep these general principles in mind in analyzing the issue presented and in reaching our conclusion.
 

 In
 
 People v Lino,
 
 447 Mich 567, 575, n 2; 527 NW2d 434 (1994), our Supreme Court noted that a constitutional challenge based on vagueness “is brought under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.” The
 
 Lino
 
 Court, explaining the vagueness doctrine, stated that “[i]n order to pass constitutional muster, a penal statute must define the criminal offense ‘with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner
 
 *539
 
 that does not encourage arbitrary and discriminatory enforcement.’ ”
 
 Id.
 
 at 575, quoting
 
 Kolender v Lawson,
 
 461 US 352, 357; 103 S Ct 1855; 75 L Ed 2d 903 (1983).
 

 When making a vagueness determination, a court must also take into consideration any judicial constructions of the statute.
 
 Lino, supra
 
 at 575. As noted above, we are unaware of any published Michigan opinions construing MCL 750.337.
 

 “[T]here are at least three ways a penal statute may be found unconstitutionally vague: (1) failure to provide fair notice of what conduct is prohibited, (2) encouragement of arbitrary and discriminatory enforcement, or (3) being overbroad and impinging on First Amendment freedoms.”
 
 Lino, supra
 
 at 575-576, citing
 
 People v Howell,
 
 396 Mich 16, 20-21, n 4; 238 NW2d 148 (1976). The void-for-vagueness doctrine does not necessarily implicate the First Amendment of the United States Constitution. See
 
 Lino, supra
 
 at 575.
 

 The explanation of the void-for-vagueness doctrine enunciated by the United States Supreme Court in
 
 Grayned v City of Rockford,
 
 408 US 104, 108-109; 92 S Ct 2294; 33 L Ed 2d 222 (1972), clearly points out the reasons for the doctrine:
 

 It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those
 
 *540
 
 who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute “abut[s] upon sensitive areas of basic First Amendment freedoms,” it “operates to inhibit the exercise of [those] freedoms." Uncertain meanings inevitably lead citizens to “ ‘steer far wider of the unlawful zone’ . . . than if the boundaries of the forbidden areas were clearly marked.” [Alterations and omission in original.]
 

 Here, it would be difficult to conceive of a statute that would be more vague than MCL 750.337. There is no restrictive language whatsoever contained in the statute that would limit or guide a prosecution for indecent, immoral, obscene, vulgar, or insulting language. Allowing a prosecution where one utters “insulting” language could possibly subject a vast percentage of the populace to a misdemeanor conviction.
 

 MCL 750.337 fails to provide fair notice of what conduct is prohibited, and it encourages arbitrary and discriminatory enforcement. In
 
 Plymouth Charter Twp v
 
 Hancock, 236 Mich App 197, 201-202; 600 NW2d 380 (1999),
 
 [2]
 
 relied on by the prosecution, this Court held that the township board’s inclusion of the word “unreasonably” gave fair notice of prohibited conduct by providing a “reasonable person” standard
 
 *541
 
 and also served to prevent abuse of enforcement discretion.
 

 MCL 750.337 contains no similar legislative guidance. Even if the statute were judicially construed to apply only to speech that a reasonable person should know is indecent, immoral, or vulgar when used in the presence of a child, as the prosecutor urges, in our opinion, it would remain vague. This construction would require every person who speaks audibly where children are present to guess what a law enforcement officer might consider too indecent, immoral, or vulgar for a child’s ears. Children aside, it is far from obvious what the reasonable adult considers to be indecent, immoral, vulgar, or insulting. As a result, a judicially imposed “reasonable person” limitation would not, in our opinion, cure the vagueness of the statute.
 

 Finally, we would observe that the First Amendment does not protect obscene speech,
 
 Sable Communications of California, Inc v FCC,
 
 492 US 115, 124; 109 S Ct 2829; 106 L Ed 2d 93 (1989), and the Legislature, if so inclined, could enact a properly drawn statute to protect minors from such exposure.
 
 [3]
 
 However, MCL 750.337, as currently drafted, impinges on First Amendment freedoms. In
 
 Reno v American Civil Liberties Union,
 
 521 US 844, 874; 117 S Ct 2329; 138 L Ed 2d 874 (1997), the United States Supreme Court, addressing undefined statutory provisions prohibiting patently offensive and indecent Internet
 
 *542
 
 transmissions to those under eighteen years, stated that “[g]iven the vague contours of the coverage of the statute, it unquestionably silences some speakers whose messages would be entitled to constitutional protection.” Here, we find it unquestionable that MCL 750.337, as drafted, reaches constitutionally protected speech, and it operates to inhibit the exercise of First Amendment rights.
 

 IV. CONCLUSION
 

 MCL 750.337 is an unconstitutional enactment in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution because the statute is facially vague. Therefore, because defendant’s conviction was based on the unconstitutional statute, we reverse the conviction.
 

 Reversed.
 

 [1]
 

 The circuit court stated that it was addressing the “vagueness or over-breadth question,” but the analysis that followed addressed only the vagueness claim.
 

 [2]
 

 In
 
 Plymouth Charter Twp, supra
 
 at 198, a constitutional challenge was made to a township ordinance that provided as follows:
 

 It shall be unlawful for a person to disturb the public peace and quiet by shouting, whistling, loud, boisterous, or vulgar conduct, the playing of musical instruments, phonographs, radios, televisions, tapeplayers or any other means of amplification at any time or place so as to unreasonably annoy or disturb the quiet, comfort and repose of persons in the vicinity.
 

 [3]
 

 The district court in this case made a specific finding that the language used by defendant did not constitute obscenity as defined in
 
 Miller v California,
 
 413 US 15, 24; 93 S Ct 2607; 37 L Ed 2d 419 (1973). Therefore, the jury was not instructed to decide whether defendant’s words constituted “obscene” speech. The prosecutor does not challenge that ruling.