COMPLETE TRUCK & AUTO PARTS, INC v
SECRETARY OF STATE

Docket No. 253578. Submitted December 7, 2004, at Lansing. Decided December 28, 2004, at 9:00 a.m.

Complete Auto and Truck Parts, Inc., and James Patton, its owner, brought an action for declaratory relief in the Genesee Circuit Court against the Secretary of State, seeking to have the statutory limit of two vehicle salvage agents for each dealer, MCL 257.248e(1), declared unconstitutional and to have the Secretary ordered to issue more agent licenses for Complete Auto personnel. The court, Robert N. Ransom, J., on the bases of stipulated facts and oral argument, concluded that, although licensure in this area serves a governmental interest, the statutory limit of only two agents for each dealer was unconstitutional as an unreasonable restraint, i.e., arbitrary and capricious, on the right of private enterprise. The defendant appealed.

The Court of Appeals *held*:

1. MCL 257.248e(1) is constitutional because the two-agent limit is rationally related to legitimate state interests. Those interests include denying unsuitable agents access to Michigan's vehicle salvage system and reducing the number of agent positions available for sale to out-of-state persons (thus reducing fraudulent and criminal practices), creating an environment that allows dealers to fulfill their statutory monitoring duties by limiting them to only two agents to monitor, and creating an environment that allows the defendant to adequately fulfill her statutory duties of investigation and monitoring. By these means, the Legislature can be more confident that it has alleviated the abuses that previously plagued the salvage vehicle market, such as vehicle theft and the trade involving parts from stolen vehicles.

2. Plaintiffs argue that the two-agent limit constitutes poor economic policy. That question is not one for courts to decide. Where, as in this case, a rational basis exists for the statutory limitation, the proper remedy for the plaintiffs is to present their economic argument to the Legislature.

Reversed.

AUTOMOBILES — SALVAGE VEHICLES — AGENT LICENSURE — STATUTORY LIMITATION.

> The statutory limitation of two salvage agent licenses available for each dealer is constitutional because it is based on rational governmental interests such as keeping unsuitable agents from access to Michigan's vehicle salvage system and reducing the number of agent positions available for sale to out-of-state persons (thus reducing fraudulent and criminal parties), creating an environment that allows dealers to fulfill their statutory monitoring duties by limiting them to only two agents to monitor, and creating an environment that allows the Secretary of State to adequately fulfill statutory duties of investigation and monitoring (MCL 257.248e).

*Chimovitz and Chimovitz, PLC* (by *Jeffrey A. Chimovitz* and *Robert M. Chimovitz*), for the plaintiffs.

*Michael L. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Stewart H. Freeman* and *Nancy A. Piggush*, Assistant Attorneys General, for the defendant.

Before: O'CONNELL, P.J., and BANDSTRA and DONOFRIO, JJ.

DONOFRIO, J. Defendant, Michigan's Secretary of State, appeals as of right an order entered in favor of plaintiffs, Complete Auto & Truck Parts, Inc. (Complete Auto), and James Patton, determining the limitation in MCL 257.248e(1) of two vehicle salvage agents for each dealer arbitrary and capricious and declaring the statute unconstitutional. As a result, the order compelled defendant to accept and review Complete Auto's request for additional salvage vehicle agent licenses. On appeal, defendant argues that the trial court erred in finding the two-agent limitation of MCL 257.248e(1) unconstitutional because it bears a rational relationship to legitimate government purposes and, therefore, may not be found arbitrary and capricious. Because we

conclude that the two-agent limitation of MCL 257.248e(1) is rationally related to legitimate state interests, the statute is therefore constitutional, and we reverse the trial court's order.

### I. SUBSTANTIVE FACTS AND PROCEDURAL HISTORY

This action arises out of a complaint filed by plaintiffs seeking a declaratory judgment determining that the two-agent limitation of MCL 257.248e(1) is arbitrary and capricious, and thus unconstitutional, and compelling defendant to accept and review Complete Auto's request to license more than two agents. Pursuant to MCL 257.248e(1), only a licensed automotive recycler, licensed used or secondhand vehicle parts dealer, or a licensed foreign salvage vehicle dealer (dealer) may apply for a salvage vehicle agent license. Each dealer may apply for and hold at most two salvage agent licenses. Only licensed salvage agents are permitted to purchase, acquire, sell, or otherwise deal in distressed, late model vehicles or salvageable parts through a salvage pool, and may do so only for the particular dealer indicated on their license.

Complete Auto is a dealer under MCL 257.248e(1). Patton is Complete Auto's sole shareholder and one of two licensed salvage agents for Complete Auto. Patton holds a vehicle dealer license and a used vehicle parts dealer license. Kenneth Brock applied for a salvage agent's license for Complete Auto as a dealer. Defendant denied his application for the sole reason that Complete Auto already had two licensed salvage agents. At the time of the lower court proceedings, Complete Auto had two licensed salvage agents, one of whom was Patton. Subsequently Complete Auto resubmitted Brock's application, and the application was granted because, at that time, Complete Auto only had one licensed salvage agent.

Plaintiffs filed this cause of action against defendant specifically alleging that the two-agent limitation harmed Complete Auto's business by unduly restricting the amount of business it could handle at one time to the human capacity of two individuals, regardless of the amount of capital and other resources available to it. Patton alleged that the two-agent limitation harmed him because, not only was he a dealer, he was also one of Complete Auto's salvage agents and thus was only entitled to one employee as a salvage agent other than himself. Plaintiffs argued that the two-agent limitation of MCL 257.248e(1) was arbitrary and capricious because no valid state interest supported the two-agent limit. Plaintiffs sought declaratory judgment and equitable relief in the form of compelling defendant to allow Complete Auto to apply for more than two salvage agent licenses.

Defendant filed a motion for summary disposition under both MCR 2.116(C)(8) and (C)(10), which the trial court denied. Thereafter, each party filed a trial brief. Before trial, the parties stipulated the facts in lieu of presenting testimony at trial. The court held a bench trial consisting only of counsels' oral arguments. At the close of the trial, the court granted plaintiffs' request for relief, concluding that the two-agent limitation of MCL 257.248e(1) was arbitrary and capricious, and, therefore, unconstitutional, and required defendant to accept and review additional requests for salvage agent licenses from Complete Auto. The court indicated that defendant presented persuasive evidence that a valid state interest exists for licensure of salvage vehicle dealers and agents, but that no evidence exists regarding the rationale for the two-agent limitation. The court acknowledged that defendant presented a host of reasons why the Legislature "may" have arrived at the two-agent number, but found the reasons to be only

speculation and conjecture, and not sufficient to uphold the rationality of the limitation. The court found that the two-agent limitation imposed an unreasonable restraint on the right of private enterprise. It is from this order that defendant appeals.

## II. STANDARD OF REVIEW

The constitutionality of a statute is a question of law we review de novo on appeal. *People v Abraham*, 256 Mich App 265, 280; 662 NW2d 836 (2003). "A statute is presumed constitutional, unless its unconstitutionality is readily apparent." *Tolksdorf v Griffith*, 464 Mich 1, 5; 626 NW2d 163 (2001); *Abraham, supra* at 280 (stating that a statute must be construed as constitutional, if at all possible). "The constitutionality of a statute must be determined on the basis of provisions of the act itself," and the party challenging the constitutionality of the statute has the burden of proving the law's invalidity. *TCG Detroit v Dearborn*, 261 Mich App 69, 77; 680 NW2d 24 (2004).

## III. ANALYSIS

Plaintiffs assert that the two-agent limitation of MCL 257.248e(1) is unconstitutional because it restricts Complete Auto's ability to acquire late model distressed vehicles to the human capacity of work that can be done by two individuals, without regard to the amount of capital and other resources available to it, and that its business has suffered financial harm as a result. Plaintiffs do not dispute that MCL 257.248e as a whole is a comprehensive, well-integrated law that legitimately requires salvage vehicle dealers and their agents to be licensed and outlines what conduct would disqualify dealers and agents from licensure, among other provisions. Plaintiffs challenge only the specific

limitation of licensed salvage agents for each dealer to two, as opposed to some other higher number. In that regard, plaintiffs argue that the statute violates their substantive due process rights under the Michigan and United States constitutions, which provide that no person shall be deprived of life, liberty or property, without due process of law. US Const, Am XIV; Const 1963, art 1, § 17; *Phillips v Mirac, Inc,* 470 Mich 415, 435-436; 685 NW2d 174 (2004). Plaintiffs assert that the two-agent limitation has unjustly interfered with their business activity and economic interests.

Defendant argues that the two-agent limitation is constitutional because it bears a rational relationship to legitimate state interests and is not arbitrary and capricious. Defendant asserts that the statute and the two-agent limitation fulfill several legitimate governmental interests, including eliminating crime and enabling dealers to best oversee their agents. Defendant also argues that, in any event, the decision regarding the limitation on the number of agents is clearly within the purview of the Legislature.

When analyzing due process claims regarding an economic or general welfare matter, including an alleged interference with business activity, courts employ rational basis review. *Detroit v Qualls,* 434 Mich 340, 365; 454 NW2d 374 (1990). Under rational basis review, courts will uphold legislation as long as it is rationally related to a legitimate governmental purpose. *Phillips, supra* at 433. This is a highly deferential standard of review requiring a challenger to show that the legislation is " 'arbitrary and wholly unrelated in a rational way to the objective of the statute.' " *Crego v Coleman,* 463 Mich 248, 259; 615 NW2d 218 (2000), quoting *Smith v Employment Security Comm,* 410 Mich 231, 271; 301 NW2d 285 (1981).

The United States Supreme Court has set forth standards this Court uses to determine if a law is arbitrary[1] or capricious.[2] *Wysocki v Felt*, 248 Mich App 346, 359; 639 NW2d 572 (2001). Under rational basis review, a statute will pass constitutional muster " 'if the legislative judgment is supported by any set of facts, either known or which could reasonably be assumed, even if such facts may be debatable.' " *Harvey v Michigan*, 469 Mich 1, 7; 664 NW2d 767 (2003), quoting *Crego, supra* at 259-260. A statute is not unconstitutional merely because it may appear undesirable, unfair, unjust, or inhumane. *People v Boomer*, 250 Mich App 534, 538; 655 NW2d 255 (2002). Rational basis review does not test the wisdom, need, or appropriateness of the legislation, or whether it is made with "mathematical nicety." *Harvey, supra* at 7 (citation omitted). A court is not empowered to override the Legislature on these bases. *Boomer, supra* at 538. Redress for an unwise law or bad policy is properly sought with the Legislature. *Proctor v White Lake Twp Police Dep't*, 248 Mich App 457, 462; 639 NW2d 332 (2001).

Our Supreme Court has stated that legislative analyses are "entitled to little judicial consideration in resolving ambiguous statutory provisions" and "should be accorded very little significance by courts when construing a statute." *In re Certified Question (Kenneth Henes Special Projects v Continental Biomass)*, 468

---

[1] "Arbitrary" has been defined as: " '[W]ithout adequate determining principle . . . fixed or arrived at through an exercise of will or by caprice, without consideration or adjustment with reference to principles, circumstances, or significance . . . decisive but unreasoned.' " *Wysocki, supra* at 359, quoting *United States v Carmack*, 329 US 230, 243; 67 S Ct 252; 91 L Ed 209 (1946).

[2] "Capricious" has been defined as: " '[A]pt to change suddenly; freakish; whimsical; humorsome.' " *Wysocki, supra* at 359, quoting *Carmack, supra* at 243.

Mich 109, 115 n 5; 659 NW2d 597 (2003). However, the matter before us today involves identification of potential governmental interests supporting the enactment of MCL 257.248e, not ascertaining the intent of the Legislature in an effort to resolve ambiguous language. Further, courts may examine the legislative history of a statute in order to ascertain the reasons behind the enactment of the statute. *People v Green*, 260 Mich App 710, 715; 680 NW2d 477 (2004).

When enacting MCL 257.248e(1) and the two-agent limitation, the Legislature considered the legislative history and effectiveness of then existing salvage laws. As the parties stipulated, the original salvage vehicle legislation enacted in 1978 was designed to curb automobile theft and the use of illegal chop shops. *Michigan Salvage Vehicle Titling Law and the Reduction in Auto Theft Insurance Rates: A Report to the Michigan State Legislature*, Richard H. Austin, Secretary of State (December 1991). Later, the Legislature adopted amendments in 1988 enhancing the 1978 version, making it more difficult for car thieves to trade in Michigan, restoring the competitive position of Michigan dealers by limiting access to legitimate dealers, increasing the likelihood that persons dealing in stolen vehicles and parts would be caught, and providing defendant with the power to review dealer records and conduct inspections. 1988 PA 255. Subsequently, on the basis of recommendations from a study conducted by the Secretary of State and the Michigan Department of State, the Legislature again amended the salvage laws to further improve the statute's effectiveness in curbing automobile theft, decreasing unfair practices in the salvage industry, increasing the likelihood that only legitimate dealers and agents participate in the salvage industry, and better monitoring the actions of dealers and their agents. 1993 PA 300.

Both plaintiffs and the trial court recognized the validity of the state's interests in regulating the salvage vehicle industry in general, including requiring dealers and agents to be licensed. Plaintiffs argued only that the two-agent limitation went too far because it was not rationally related to those objectives. The trial court agreed. After carefully reviewing the record evidence in this matter, including legislative analyses and other materials prepared for the Legislature for consideration in enacting the statute in question that were submitted on stipulation of the parties and considered by the trial court in rendering its decision, we cannot agree with the trial court.

We have identified three specific state interests that support the Legislature's decision to limit the number of agent licenses that each dealer is allowed to maintain. First, the state has a legitimate interest in denying unsuitable agents access to Michigan's salvage system. Before the 1993 amendments, out-of-state buyers were "purchasing" agent positions from Michigan dealers in order to gain access to Michigan's salvage market for fraudulent and criminal purposes.[3] The two-agent limitation addresses this problem in two ways. By allowing each dealer only a small number of agents through which to conduct business at salvage pools and auctions, each agent license becomes a precious resource in a dealer's business. The finite number of licenses makes dealers less inclined to sell agent positions to suspect

---

[3] This point distinguishes the issue presented here from that presented in *People v Gibbs*, 186 Mich 127; 152 NW 1053 (1915), relied on by plaintiffs. In *Gibbs*, the Court determined that an ordinance restricting auctioneers from conducting auctions on weekdays after 6:00 p.m. and on weekends unconstitutional because there was no evidence that circumstances required the city to limit the auctioneers' ability to work. *Id.* at 137-138. The law did not rationally relate to any legitimate governmental objective.

parties who cannot otherwise gain access to Michigan's system. If, on the other hand, no restriction were imposed on the number of agents permitted, dealers would have an increased opportunity and incentive to sell their agent positions because each dealer could potentially have as many agent licenses as they desired. The two-agent limitation also controls the number of agents who could gain access to a vehicle salvage pool or auction at any one time. By keeping the salvage industry intimate and controlling its growth, the Legislature can be more confident that it has alleviated the abuses that previously plagued the salvage vehicle market.

Plaintiffs argue that MCL 257.248e(1) does not limit the number of dealerships any one person or entity can own, thereby creating a large loophole negating any effects the two-agent limitation has in this regard. Plaintiffs contend that, if an entity desires more than two agents, all it has to do is operate multiple dealerships, thus, in effect, circumventing the two-agent limitation. Weighing against this argument is the fact that since the two-agent limitation of MCL 257.248e(1) took effect in 1994, the number of dealerships has actually decreased. Even plaintiffs acknowledge the fact that the costs and additional paperwork associated with operating separate dealerships are a significant deterrent to sidestepping the two-agent requirement—citing these as reasons why they have not opened additional dealerships in an effort to use the "loophole" to acquire additional agent licenses.

Second, the state has a legitimate interest in creating an environment that will allow dealers to fulfill their monitoring duties. Dealers are statutorily obligated to immediately notify defendant of any change in the information of an agent's license or application, provide written notification to the salvage pool or auction of the

cancellation of an agent's license, and indemnify defendant and any member of the public who suffers or sustains any loss by reason of any violation of the statute by an act of the dealer's agent. MCL 257.248e(7), (10), (11). Logistically, if the number of agents a dealer had were too large, it would be difficult for dealers to monitor and control their agents' activities. Moreover, contrary to plaintiffs' assertion, the indemnity provision alone, MCL 257.248e(11), cannot replace the two-agent limitation because it does not fulfill the state's interest in maintaining a finite number of agents. Further, the indemnification provision is not designed to reduce the number of agents, but to ameliorate the negative effects of problem agents. By instituting the two-agent limitation, the Legislature created a system that will allow dealers to adequately monitor their agent employees. Effective dealer monitoring serves the dealers' own interests, because dealers are indemnitors of any harm caused by their agents' statutory violations, in addition to serving the state's interests, as another check in a system previously plagued with crime and abuse.

Third, the state has a legitimate interest in creating an environment that allows defendant to adequately fulfill her own investigation and monitoring duties. Defendant is charged with enforcing licensing statutes of dealers and salvage agents and is specifically required to inspect, audit, and review dealer records to monitor statutory compliance. MCL 257.248e, 257.251. The two-agent limitation keeps the number of participants in Michigan's salvage industry to a finite and manageable number, thus ensuring that defendant can fulfill her investigative and monitoring obligations.

We conclude that legislation limiting the number of agents permitted for each dealer is rationally related to

multiple state interests. *Phillips, supra* at 433. The two-agent limitation was not arbitrarily selected by the Legislature. On the contrary, the two-agent limitation was added during the second round of amendments to the salvage law legislation in an effort to fulfill its goals of curbing automobile theft and eliminating abuse of Michigan's salvage vehicle industry. Therefore the two-agent limitation is not arbitrary or wholly unrelated to the objective of the statute. See *Crego, supra* at 259.

In any event, we must emphasize that decision to limit the number of agents permitted each dealer to two, as opposed to another number, is squarely within the purview of the Legislature. As we have outlined above, legitimate state interests dictate against limitless access to Michigan's salvage system. The Legislature has been afforded the power to develop a way to restrict this access. See *Harvey, supra* at 7. The record indicates that another number, three, was presented to the Legislature as an alternative limit. The Legislature subsequently adopted the two-agent provision. MCL 257.248e(1). Plaintiffs contend that limiting the number of agents for each dealer to two is poor policy. It is plaintiffs' position that the Legislature should allow dealers to conduct more salvage business through the use of additional agents because the state's interests in spurring the economy should prevail over other legislative objectives. This question, however, is not for this Court to decide. *Boomer, supra* at 538. Whether the two-agent limitation is an unwise law is a question properly addressed to the Legislature. *Proctor, supra* at 462.

### IV. CONCLUSION

Because the two-agent limitation is rationally related to legitimate state interests, MCL 257.248e(1) is consti-

tutional. Accordingly, the trial court's order determining the provision unconstitutional and granting plaintiffs equitable relief is reversed.

Reversed.