*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KENNITH ALLEN LESER,

        Defendant-Appellant.

UNPUBLISHED
August 15, 2024

No. 365940
Kalkaska Circuit Court
LC No. 22-004656-FC

Before: JANSEN, P.J., and REDFORD and D. H. SAWYER*, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his sentence, after entry of a guilty plea to one count of delivery or manufacture of methamphetamine, MCL 333.7401. Specifically, defendant challenges the trial court's imposition of $325 in court costs and $350 in attorney fees. We affirm.

## I. FACTUAL BACKGROUND

During a traffic stop, defendant was discovered to be in possession of methamphetamine and other controlled substances. After his arrest, defendant requested a court-appointed attorney, claiming he was unemployed, had no assets, and lived with his parents. The trial court-appointed defense counsel.

In accordance with a sentencing agreement, defendant pleaded guilty to one count of delivery or manufacture of methamphetamine. Defendant was sentenced to 6 to 20 years' imprisonment. The trial court also imposed costs and fees:

> I will order that you pay the state costs and fines as required by state law which is a $68 state costs, a crime victim assessment of $130, court costs of $325, and attorneys fees of $350. The state law requires even though I'm putting you in the

---

[1] *People v Leser*, unpublished order of the Court of Appeals, entered June 6, 2023 (Docket No. 365940).

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

state prison system that those are due today. And if you don't pay them within 56 days of today's date, a 20% rate fee does get added on.

Defendant moved to vacate the trial court's imposition of court costs, arguing there is no factual basis for the costs and MCL 769k(1)(b)(*iii*) is unconstitutional. The trial court denied defendant's motion. This appeal followed.

## II. COURT COSTS

Defendant argues the trial court's imposition of court costs should be vacated because MCL 769.1k(1)(b)(*iii*) is unconstitutional. We disagree.

"This Court reviews de novo questions of statutory interpretation." *People v Gardner*, 482 Mich 41, 46; 753 NW2d 78 (2008). "Whether a statute is constitutional is a question of law that this Court reviews de novo." *People v Boomer*, 250 Mich App 534, 538; 655 NW2d 255 (2002). "Defendant challenges the constitutionality of the procedure used to impose and enforce a fee for his court-appointed attorney. This presents a question of constitutional law, which is reviewed de novo." *People v Jackson*, 483 Mich 271, 277; 769 NW2d 630 (2009).

"MCL 769.1k(1)(b)(*iii*) permits a trial court to impose court costs on a convicted defendant that are reasonably related to the actual costs incurred in processing a criminal case." *People v Johnson*, 336 Mich App 688, 690; 971 NW2d 692 (2021). Under MCL 769.1k(1):

> If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilt is deferred by statute or sentencing is delayed by statute:
>
> \* \* \*
>
> (b) The court may impose any or all of the following:
>
> \* \* \*
>
> (*iii*) Until December 31, 2026, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:
>
> > (A) Salaries and benefits for relevant court personnel.
> >
> > (B) Goods and services necessary for the operation of the court.

-2-

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.[2]  [MCL 769.1k(1)(b)(*iii*) (footnote added).]

"A party challenging the constitutionality of a statute has the burden of proving the law's invalidity." *In re Forfeiture of 2000 GMC Denali & Contents*, 316 Mich App 562, 569; 892 NW2d 388 (2016).  "A statute challenged on constitutional grounds is presumed to be constitutional and will be construed as such unless its unconstitutionality is clearly apparent." *Johnson*, 336 Mich App at 692 (quotation marks and citation omitted).  "A constitutional challenge to the validity of a statute can be brought in one of two ways: by either a facial challenge or an as-applied challenge." *In re Forfeiture of 2000 GMC Denali & Contents*, 316 Mich App at 569.  "A facial challenge is a claim that the law is invalid *in toto*—and therefore incapable of any valid application, whereas an as-applied challenge considers the specific application of a facially valid law to individual facts." *Promote the Vote v Secretary of State*, 333 Mich App 93, 117; 958 NW2d 861 (2020) (quotation marks and citations omitted).

In this case, defendant argues MCL 769.1k(1)(b)(*iii*) is a facially invalid statute, violating US Const, art I, § 1 and Const 1963, art 3, § 2.  According to defendant, MCL 769.1k(1)(b)(*iii*) wrongfully gives judges the power to assess and levy taxes, when that power is vested in the Legislature.

"A party challenging the facial constitutionality of [a statute] faces an extremely rigorous standard.  A plaintiff must establish that no set of circumstances exists under which the act would be valid." *Promote the Vote*, 333 Mich App at 117-118 (quotation marks and citations omitted). "The fact that the . . . [a]ct might operate unconstitutionally under some conceivable set of circumstances is insufficient. . . ." *Johnson*, 336 Mich App at 692 (quotation marks and citation omitted).  "[B]ecause facial attacks, by their nature, are not dependent on the facts surrounding any particular decision, the specific facts surrounding plaintiffs' claim are inapposite." *Bonner v City of Brighton*, 495 Mich 209, 223; 848 NW2d 380 (2014) (footnote omitted).

The Michigan Constitution states: "The powers of government are divided into three branches: legislative, executive and judicial.  No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." Const 1963, art 3, § 2.  "The Michigan Constitution provides for the separation of powers between the legislative, judicial, and executive branches and vests the courts with the judicial power.  The federal constitution similarly vests the judicial power in the courts." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 362; 792 NW2d 686 (2010) (citations omitted); see also Const 1963, art 6, § 1 (vesting Michigan state courts with judicial power); see also US Const, art III, § 1 (vesting federal courts with judicial power).

---

[2]  MCL 769.1k(1)(b)(*iii*) was recently amended, effective April 30, 2024.  See MCL 769.1k(1)(b)(*iii*), as amended 2024 PA 38.  The version of MCL 769.1k(1)(b)(*iii*) effective at the time of defendant's sentencing, on July 7, 2022, is nearly identical with the current version of the statute.  The only difference is the old version of the statute states a court may impose court costs "[u]ntil October 1, 2022."  MCL 769.1k(1)(b)(*iii*), as amended 2020 PA 151.

The Michigan Supreme Court has explained: "Michigan courts' judicial power to decide controversies was broader than the United States Supreme Court's interpretation of the Article III case-or-controversy limits on the federal judicial power because a state sovereign possesses inherent powers that the federal government does not." *Lansing Sch Ed Ass'n*, 487 Mich at 364. "While the [Michigan] Constitution provides for three separate branches of government, the boundaries between these branches need not be airtight." *Makowski v Governor*, 495 Mich 465, 482; 852 NW2d 61 (2014) (quotation marks and citation omitted).

> [T]he separation of powers doctrine does not require so strict a separation as to provide no overlap of responsibilities and powers. If the grant of authority to one branch is limited and specific and does not create encroachment or aggrandizement of one branch at the expense of the other, a sharing of power may be constitutionally permissible. [*Judicial Attorneys Ass'n v State*, 459 Mich 291, 296-297; 586 NW2d 894 (1998) (citations omitted).]

"In designing the structure of our Government and dividing and allocating the sovereign power among three co-equal branches, the Framers of the Constitution sought to provide a comprehensive system, but the separate powers were not intended to operate with absolute independence." *Makowski*, 495 Mich at 482 (quotation marks and citation omitted).

The United States and Michigan Constitutions vest legislative power in the Legislature. See US Const, art I, § 1; see also Const 1963, art 4, § 1. The Michigan Constitution states: "The legislature shall impose taxes sufficient with other resources to pay the expenses of state government." Const 1963, art 9, § 1. "[T]he power to tax and appropriate generally rests exclusively with the Legislature." *People v Cameron*, 319 Mich App 215, 233; 900 NW2d 658 (2017). However, "a legislature may delegate its powers." *Id*. "To delegate its powers without violating the separation-of-powers doctrine, a legislature must provide guidelines and standards to the body to which power is delegated." *Id*.

In *Cameron*, a defendant challenged the constitutional validity of MCL 769.1k(1)(b)(*iii*), arguing the statute wrongfully delegates taxing power to courts, when the power to tax is exclusive to the Legislature. *Cameron*, 319 Mich App at 231-232. We held MCL 769.1k(1)(b)(*iii*) does impose a tax, reasoning:

> MCL 769.1k(1)(b)(*iii*) is a revenue-generating measure, and the courts forcibly impose the assessment against unwilling individuals. Therefore, it is a tax rather than a governmental fee. Although the statute does not expressly state that it imposes a tax, the statute is neither obscure nor deceitful, and therefore, it does not run afoul of the Distinct Statement Clause of Michigan's Constitution.[3] [*Cameron*, 319 Mich App at 236 (footnote added).]

---

[3] "The Distinct Statement Clause provides that [e]very law which imposes, continues or revives a tax shall distinctly state the tax." *Cameron*, 319 Mich App at 229 (quotation marks and citation omitted); see also Const 1963, art 4, § 32.

We also held, although MCL 769.1k(1)(b)(*iii*) vests the courts with taxing power, the defendant failed to prove it was "an unconstitutional delegation of power," reasoning:

> In sum, even if our Legislature delegated some of its taxing authority to the circuit courts, the Michigan Constitution does not require an absolute separation of powers. In addition, MCL 769.1k(1)(b)(*iii*) provides adequate guidance to the circuit courts by instructing them to impose any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case . . . . Further, it was necessary for the Legislature to provide sufficiently broad guidance in order to accommodate the varying costs incurred by the circuit courts. Although defendant bemoans the lack of a specified methodology for calculating court costs, the plain language of MCL 769.1k(1)(b)(*iii*) suggests that a court should impose costs in accordance with the costs involved in an average case. This Court's interpretation of MCL 769.1k(1)(b)(*iii*) as requiring a factual basis for the assessed costs further ensures that the circuit courts do not exercise unfettered discretion under MCL 769.1k(1)(b)(*iii*).[4] [*Cameron*, 319 Mich App at 235 (quotation marks and citations omitted, footnote added)].

This case is analogous to *Cameron*. As in *Cameron*, defendant challenges whether MCL 769.1k(1)(b)(*iii*) wrongfully vests taxing power in the judiciary. Although MCL 769.1k(1)(b)(*iii*) does allow courts to impose taxes, a power usually exclusive to the Legislature, we find defendant failed to prove the statute is facially unconstitutional. Defendant has not established "that no set of circumstances exists under which the act would be valid." *Promote the Vote*, 333 Mich App at 117-118 (quotation marks and citations omitted).

Defendant suggests we should favor a strict separation of powers. However, in Michigan, the separation of powers is not strict, and overlap of powers between the branches of government is permissible. See *Judicial Attorneys Ass'n*, 459 Mich at 296-297. As we explained in *Cameron*, the Legislature is permitted to delegate its taxing power, so long as it provides "guidelines and standards to the body to which power is delegated." *Cameron*, 319 Mich App at 233. "MCL 769.1k(1)(b)(*iii*) provides adequate guidance to the circuit courts." *Cameron*, 319 Mich App at 235. Furthermore, defendant argues that MCL 769.1k(1)(b)(*iii*) violates the separation of powers doctrine because allowing a trial court to levy taxes is contrary to the nonpartisan and independent character of the judiciary. We disagree.

In *Johnson*, the defendant argued the funding system created by MCL 769.1k(1)(b)(*iii*) interfered with the obligation of the judiciary to remain impartial. *Johnson*, 336 Mich App at 704. We disagreed, reasoning:

> The gravamen of defendant's argument is that MCL 769.1k(1)(b)(*iii*) prevents the judicial branch from accomplishing its constitutionally assigned functions, by

---

[4] We also noted the defendant failed to cite authority on appeal to support his position that MCL 769.1k(1)(b)(*iii*) was unconstitutional, and took defendant's abandonment of the issue on appeal into consideration. *Cameron*, 319 Mich App at 235.

rendering it impossible for any trial judge in the state to operate in accordance with his or her oath of office and the constitutional mandates of due process. However, as already explained . . . defendant has not shown that this statute creates a situation where there exists no set of circumstances under which a judge in this state is impartial, nor has he shown that all trial judges must be disqualified because the statute creates a financial interest in the judiciary to cause them to ignore their constitutional mandates. Further, although MCL 769.1k(1)(b)(*iii*) generates revenue, nothing in the plain language of the statute direct[s] the flow of money or create[s] a funding system for the trial courts . . . . For these reasons, defendant's separation-of-powers argument does not establish that the Legislature has made it impossible for trial courts to fulfill their constitutional mandates or that MCL 769.1k(1)(b)(*iii*) is facially unconstitutional. [*Johnson*, 336 Mich App at 704-705 (quotation marks and citations omitted).]

In this case, defendant raises concerns of judicial impartiality, analogous to the argument raised in *Johnson*. Defendant advances a public policy argument, suggesting if we were to prohibit judges from assessing taxes, it would preserve the independent and nonpartisan character of the judiciary. We find defendant failed to prove MCL 769.1k(1)(b)(*iii*) was facially unconstitutional. As in *Johnson*, "defendant has not shown that this statute creates a situation where there exists no set of circumstances under which a judge in this state is impartial." *Johnson*, 336 Mich App at 704 (quotation marks and citations omitted). Even if MCL 769.1k(1)(b)(*iii*) allows for some possibility of judicial bias, defendant's broad policy argument and generalizations are not sufficient to meet the rigorous standard to find a statute facially unconstitutional. See *Promote the Vote*, 333 Mich App at 117-118.

Finally, defendant argues that the trial court erred by failing to provide a factual basis for its imposition of court costs. We find no plain error requiring relief.

"MCL 769.1k(1)(b)(*iii*) requires a relationship between the costs imposed and the services they support by authorizing only costs reasonably related to the actual costs incurred by the trial court." *Cameron*, 319 Mich App at 225 (quotation marks omitted). "[A] trial court must establish a factual basis for the costs imposed pursuant to MCL 769.1k(1)(b)(*iii*)." *Cameron*, 319 Mich App at 225 (quotation marks and citation omitted); see also *People v Konopka (On Remand)*, 309 Mich App 345, 356-360; 869 NW2d 651 (2015).

In this case, the trial court did not articulate its factual basis for the imposition of $325 in court costs. Defendant does not argue, or proffer evidence to show, that the amount of the costs imposed was unreasonable. Rather, he simply argues that there was no factual basis to support the amount imposed. The minimal costs imposed were reasonable on the existing record and a remand to the trial court to articulate a factual basis would be a waste of the trial court's resources under the circumstances presented.

## III. ATTORNEY FEES

Defendant next contends the trial court erred by imposing attorney fees without making any findings to support the cost of representation. He concedes that his claim of error is unpreserved. As such, for defendant to avoid forfeiture of this issue, he bears the burden of

demonstrating (1) that error occurred, (2) that such error was plain, and (3) that the plain error affected his substantial rights. See *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). Here, the minimal attorney fees assessed are facially reasonable on the existing record, and defendant does not argue otherwise. Under these circumstances, defendant has not shown plain error that affected his substantial rights. Defendant further states that the trial court erred when it failed to make findings regarding whether the attorney fees imposed were already satisfied by the Michigan Indigent Defense Commission Act (MIDCA), MCL 780.981, *et seq*.[5] We disagree.

Initially, we note that defendant has advanced no proffer of evidence showing that defendant's attorney fees had been satisfied under the MIDCA at the time of sentencing. Nevertheless, as observed by this Court in *People v Williams*, unpublished per curiam opinion of the Court of Appeals, issued April 11, 2024 (Docket No. 362305) pp 7-8,

> MCL 769.1k(1)(b) speaks in terms of what the court may impose, whereas MCL 780.993(17) speaks in terms of what the court shall do. "Shall" is mandatory, while "may" is permissive. See *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008). The requirement that a court shall collect reimbursement from a partially indigent defendant under the MIDCA does not mean the court cannot also impose attorney costs on the same defendant pursuant to MCL 769.1k(1)(b)(iv) without regard to the defendant's indigency. In any event, both statutory sections authorize trial courts to recover some measure of attorney fees from criminal defendants, which supports that they are not in conflict. Because it is possible to harmonize MCL 769.1k(1)(b)(iv) and the MIDCA, this Court cannot conclude that MCL 769.1k(1)(b)(iv) was repealed by implication. See *Int'l Business Machines Corp v Dep't of Treasury*, 496 Mich 642, 651-652; 852 NW2d 865 (2014) (in most circumstances, we presume that if the Legislature had intended to repeal a statute, it would have done so explicitly).

Although *Williams* has no precedential value, MCR 7.215(F)(1); *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017), we find its reasoning persuasive and adopt it as our own. Accordingly, the trial court had no obligation under MCL 769.1k(1)(b) to consider the actions taken by the Commission when deciding whether to impose attorney fees at sentencing.

---

[5] The MIDCA established the Michigan Indigent Defense Commission (Commission). MCL 780.985(1). The Commission proposes "minimum standards for the local delivery of indigent criminal defense services providing effective assistance of counsel to adults throughout this state. These minimum standards must be designed to ensure the provision of indigent criminal defense services that meet constitutional requirements for effective assistance of counsel." MCL 780.985(3). Under the MIDCA: "The court shall collect contribution or reimbursement from individuals determined to be partially indigent under applicable court rules and statutes . . . . The court shall remit 100% of the funds it collects under this subsection to the indigent criminal defense system in which the court is sitting." MCL 780.993(17).

Finally, defendant argues the imposed attorney fees were unconstitutional, in violation of the Excessive Fines Clauses of the United States and Michigan Constitutions. See US Const, Am VIII; see also Const 1963, art 1, § 16. Defendant argues, under the Excessive Fines Clauses, the trial court was required to assess defendant's ability to pay before imposing attorney fees. We again disagree.

Under the Eighth Amendment of the United States Constitution: "Excessive bail shall not be required, *nor excessive fines imposed*, nor cruel and unusual punishments inflicted." US Const, Am VIII (emphasis added). Similarly, the Michigan Constitution states "excessive fines shall not be imposed."[6] Const 1963, art 1, § 16.

In *Jackson*, our Supreme Court considered whether a trial court's imposition of attorney fees on defendants, for court-appointed attorneys, without assessing the defendant's ability to pay, violated the Sixth Amendment of the United States Constitution. *Jackson*, 483 Mich at 277. The Court held criminal defendants do not "have a constitutional right to an assessment of their ability to pay before the imposition of a fee for a court-appointed attorney." *Id*. at 290. Our Supreme Court explained a trial court is not "required to assess a convicted defendant's ability to pay before imposing a fee for a court-appointed attorney. The ability-to-pay assessment is only necessary when that imposition is enforced and the defendant contests his ability to pay." *Id*. at 298.

In this case, defendant did not challenge the trial court's imposition of attorney fees, or claim indigency, during sentencing. Defendant also did not raise any issues related to attorney fees in his motion to correct his sentence and presentence information report (PSIR). Defendant would have been entitled to reevaluation of the imposed attorney fees, had he "made a timely objection based on his claimed inability to pay." *Id*. at 292-293. Defendant has not demonstrated he is entitled to relief because of unconstitutionally excessive fines.

Affirmed.

/s/ James Robert Redford
/s/ David H. Sawyer

---

[6] Although there is no published caselaw on the issue of whether attorney fees are considered "fines" for purposes of the Excessive Fines Clauses, in an unpublished case, we recently held court costs and attorney fees "are fines for purposes of the Excessive Fines Clause." *People v Sherrill*, unpublished per curiam opinion of the Court of Appeals, issued June 15, 2023 (Docket No. 358371), p 19. "Unpublished opinions are not binding, but may be persuasive." *People v Daniels*, 311 Mich App 257, 268 n 4; 874 NW2d 732 (2015). We find *Sherrill* persuasive and consider the imposed attorney fees as "fines" for the Excessive Fines Clause.