PEOPLE v BEAM

Docket No. 219496. Submitted October 17, 2000, at Detroit. Decided
    December 26, 2000, at 9:20 A.M. Leave to appeal sought.

    Corey Beam was charged in the Wayne Circuit Court with owning a
        dog that was trained or used for fighting and that attacked a person
        without provocation and caused the person's death. He moved for
        the dismissal of the charge, arguing that the statute under which he
        was charged, MCL 750.49(10); MSA 28.244(10), is unconstitutionally
        vague. The court, David Kerwin, J., granted the motion. The pros-
        ecution appealed.

        The Court of Appeals *held*:

        The statute provides fair notice of the conduct proscribed and
        does not confer on the trier of fact unlimited discretion to deter-
        mine whether it has been violated. As used in the statute, the terms
        "trained or used for fighting," "without provocation," and "owner"
        are not vague. "Trained for fighting" encompasses the type of train-
        ing that one of the defendant's two dogs underwent. That training,
        known as "scratching," involved keeping dogs on leashes and
        allowing the dogs to run at each other, but not touch. Contrary to
        the defendant's contention, the terms "provocation" and "incite" as
        used in the statute have different applications and meanings and do
        not lead to confusion in terms of holding liable those who incite
        animals to attack and holding not liable those whose animals are
        provoked. The term "owner" is a common legal and colloquial term,
        is not vague, and encompasses the defendant, who had the right to
        possess the dogs at the time of the attack, even though he had
        entrusted them to another.

        Reversed.

CRIMINAL LAW — ANIMALS USED OR TRAINED FOR FIGHTING — DEATHS OF PER-
    SONS ATTACKED WITHOUT PROVOCATION — CONSTITUTIONAL LAW.

    The terms "trained or used for fighting," "without provocation," and
        "owner" are not vague as used in the statute that makes it a felony
        to own an animal that is trained or used for fighting and that
        attacks a person without provocation and causes the person's
        death; the statute provides fair notice of the conduct proscribed
        and does not confer on the trier of fact unlimited discretion to

determine whether the statute has been violated (MCL 750.49[10]; MSA 28.244[10]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, and *Timothy A. Baughman*, Chief of Research, Training, and Appeals, for the people.

*John F. Royal*, for the defendant.

Before: BANDSTRA, C.J., and SAAD and METER, JJ.

BANDSTRA, C.J. The prosecutor appeals an order of the trial court dismissing an information charging defendant with owning a dog, trained or used for fighting, that caused the death of a person, MCL 750.49(10); MSA 28.244(10), on the grounds that the statute was unconstitutionally vague. We reverse the trial court's order.

On September 23, 1998, Frankie Cheryl Higganbotham was killed in Highland Park by two pit bulls. At the time of the killing, defendant was incarcerated. A preliminary examination was held on November 3, 1998. Crystal Jordan testified that defendant had bought the dogs, D Boy and Diamond, from her. Jordan had seen defendant training the dogs to fight within two months after he purchased them. She had seen D Boy fight twice and had heard of him fighting on other occasions. She described "scratching," in which dogs are kept on leashes and allowed to run at each other, but not allowed to touch. Jordan testified that D Boy had engaged in fights, but that she had only seen Diamond "scratched." Richard Dey, who lived next door to defendant, testified that he had seen dogfights staged in defendant's backyard. Following the close of testimony, defendant was bound

over for trial, despite counsel's argument that the statute was too vague.

Defendant filed a motion to dismiss the case on the grounds that MCL 750.49(10); MSA 28.244(10) was unconstitutionally vague. Specifically, defendant argued that the terms "trained or used for fighting," "without provocation," and "owner" were so vague that an average person could not understand what conduct is prohibited. The court granted defendant's motion, finding the terms "without provocation" and "owner" to be vague, and dismissed the case.

This Court reviews de novo a challenge to the constitutionality of a statute under the void-for-vagueness doctrine. See *People v Wilson*, 230 Mich App 590, 594; 585 NW2d 24 (1998). In *People v Noble*, 238 Mich App 647; 608 NW2d 123 (1999), this Court described the means by which a statute may be challenged as vague and the manner in which we analyze such claims:

> A statute may be challenged for vagueness on three grounds: (1) that it is overbroad and impinges on First Amendment freedoms, (2) that it does not provide fair notice of the conduct proscribed, and (3) that it is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether the law has been violated. . . . To give fair notice, a statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited or required. The statute cannot use terms that require persons of ordinary intelligence to guess its meaning and differ about its application. A statute is sufficiently definite if its meaning can fairly be ascertained by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words. [*Id.* at 651-652 (citations omitted).]

Defendant made no claim at trial, and makes none on appeal, that the statute implicates First Amendment freedoms. Accordingly, his challenge must be reviewed in light of the facts at issue. *People v Lino*, 447 Mich 567, 575; 527 NW2d 434 (1994). In addition, we examine the text of the entire statute and give the words of the statute their ordinary meanings. *People v Piper*, 223 Mich App 642, 646; 567 NW2d 483 (1997).

Defendant was charged under the following statutory provision:

> If an animal trained or used for fighting or an animal that is the first or second generation offspring of an animal trained or used for fighting attacks a person without provocation and causes the death of that person, the owner of the animal is guilty of a felony and shall be punished by imprisonment for a maximum term of not more than 15 years. [MCL 750.49(10); MSA 28.244(10).]

The prosecutor argues that the statute is sufficiently clear. We agree. Considered in light of the statute as a whole and the facts of this case, this provision provides fair notice of the conduct proscribed and does not confer unlimited discretion to determine whether an offense was committed.

As previously noted, defendant argued at trial, as he argues on appeal, that three phrases or terms in the statute are vague. First, he argues that the term "trained or used for fighting" is vague because normal use of the word "fighting" would not include "scratching," as described by witnesses in the preliminary examination. However, "scratching" would not have to be "fighting" for the statute to apply; it would be sufficient if scratching were a form of "train[ing] . . . for fighting." Thus the vagueness challenge here is

against the "trained . . . for fighting" language and we conclude it is constitutionally clear.

"Fighting" is defined as "a battle or combat" or "any contest or struggle." *Random House Webster's College Dictionary* (1992), p 496. From the evidence presented at the preliminary examination, the only difference between a regular dogfight and "scratching" is that in "scratching" the animals are restrained and unable to actually engage each other. In other words, "scratching" is, at the least, a form of training where dogs are induced to struggle to enter into combat, but ultimately restrained from doing so. One of the obvious purposes of the statute is to penalize persons whose animals attack people, when the animal has been trained or bred to be vicious and, thus, a threat to human safety. See House Legislative Analysis, HB 4655, January 23, 1996, p 2. We see nothing in the description of "scratching" that would leave any person of reasonable intelligence in doubt that this activity constitutes, "train[ing] . . . for fighting" under the statute.[1] Thus, in application to the facts of this case, we conclude that the phrase "trained or used for fighting" is not unconstitutionally vague.

We also reject defendant's vagueness argument regarding the statute's use of the term "provocation." First, as noted earlier, we consider defendant's vagueness challenges in light of the facts at issue. *Lino, supra* at 575. Defendant must, therefore, point to some facts suggesting "provocation" and argue that, because that term is so vague, the trier of fact is

---

[1] The evidence at the preliminary examination was also sufficient to establish probable cause to believe that one or both of the dogs had actually been "used for," or engaged in, fighting. Defendant presents no vagueness challenge to the statute's "used for fighting" provision.

granted unstructured and unlimited discretion in determining whether it occurred. However, there is no record evidence of conduct that might conceivably be considered "provocation" by any person, under any definition of that term.

Further, we would not find the term "without provocation" to be vague even if such evidence existed. Defendant's argument here is that there is confusion between the statute's use of the word "incite" and the use of the word "provocation." Generally, the statute sets up a hierarchy of criminal offenses and punishments associated with the ownership of dangerous animals. See MCL 750.49; MSA 28.244. The highest offenses and most severe penalties are imposed against "a person [who] incites" an animal to do harm to another person. MCL 750.49(8); MSA 28.244(8). In contrast to those sections, § 10 of the statute generally provides that the penalty that might otherwise be imposed cannot be imposed if there is "provocation" of an animal, without reference to any particular actor. Thus, in the context of the entire statute, the two terms have different meanings. The accused person may "incite" an animal, i.e., take actions to cause the animal to attack another, and thus be more culpably liable. If there is "provocation" of an animal by some person, i.e., actions which generally excite, anger, or irritate the animal without the purpose of inducing an attack, the criminally accused cannot be held liable under § 10. Within the statute, the two words have different applications and meanings. Defendant's argument that "provocation" is unconstitutionally vague, which attempts to equate that term with "incites," is without merit.

Finally, we cannot conclude that "owner," a common legal and colloquial term, is vague. Defendant contends that the statute is vague because it does not address whether an absentee owner, particularly one who is incarcerated, qualifies as an "owner" under the statute. The fact that defendant may argue he is not the "owner" of D Boy and Diamond does not make the term vague. An "owner" is defined as "[o]ne who has the right to possess, use, and convey something." Black's Law Dictionary (7th ed), p 1130. *Random House Webster's College Dictionary* (1992), p 968, defines "ownership" as the "legal right of possession." Ownership is not equivalent to actual possession. *People v Griffin*, 235 Mich App 27, 34; 597 NW2d 176 (1999).

On the basis of the clear meaning of the term, the "owner" of an animal under the statute has the right to possess it; actual possession is not required. The statute is clearly aimed at the persons who profit from staging fights between animals and who should be aware of the dangers posed by such animals, i.e., their owners. The fact that defendant had entrusted the dog to another at the time of the attack is irrelevant.[2] Jordan and Dey both testified that defendant "owns" the dogs. He purchased both of them and lived with them in his mother's house. The phrase "the owner of the animal" is not unconstitutionally vague. The statute provides fair notice of the conduct proscribed and gives sufficient guidance for the

---

[2] In an analogous area, the tort statutes addressing liability for animal bites, our Supreme Court noted that "[t]emporary caretakers have no choice regarding whether the dangers an animal may present will be introduced into the community, nor have they agreed to shoulder responsibility for injuries it might inflict." *Trager v Thor*, 445 Mich 95, 103-104; 516 NW2d 69 (1994).

factfinder to resolve any question of fact regarding ownership.

In sum, we conclude that § 10 of the statute is not unconstitutionally vague. It clearly provides notice and fair warning to those who would own animals trained or used for fighting that they do so at their own peril; they may be held criminally liable if their animal kills a person.

We reverse. We do not retain jurisdiction.