PEOPLE v DOUGLAS

Docket No. 301233. Submitted December 14, 2011, at Detroit. Decided
    December 29, 2011, at 9:00 a.m. Leave to appeal denied, 493 Mich
    861.

    Todd A. Douglas was charged in the Wayne Circuit Court with
    copying audio and video recordings for gain in violation of MCL
    752.1052(1)(d), which prohibits a person from selling, renting,
    distributing, or transporting a recording with knowledge that it
    does not contain the manufacturer's name and address in a
    prominent place as required by MCL 752.1053. The trial court,
    Michael J. Callahan, J., dismissed the case after ruling that the
    phrase "prominent place" rendered the statute unconstitutionally
    vague. The prosecution appealed.

        The Court of Appeals *held*:

        1. A statute is void for vagueness if it does not provide fair
    notice of the proscribed conduct, confers on the trier of fact
    unstructured and unlimited discretion to decide when an offense
    has been committed, or is overbroad and impinges on protected
    First Amendment rights.

        2. The trial court erred by ruling that the phrase "prominent
    place" rendered the statute unconstitutionally vague. The statute
    provides that a person shall not sell, rent, distribute, transport, or
    possess for the purpose of selling, renting, distributing, or transport-
    ing, or any combination thereof, a recording with knowledge that the
    recording does not contain in a prominent place on its cover, box,
    jacket, or label the true name and address of the manufacturer.
    Although the possible vagueness of the term "prominent place"
    might affect the manner in which a recording displays the required
    information, the statute clearly and unequivocally requires the infor-
    mation to be displayed, which defendant had made no attempt to do.
    Further, the term "prominent place" provides adequate notice of the
    prohibited or required conduct, given that a person of ordinary
    intelligence would understand, by reference to prior judicial opinions,
    the common law, dictionaries, or the common meaning of words, that
    the statute requires the manufacturer's name and address to be on a
    particular portion of the cover, box, jacket, or label of the recording so
    that the information would stand out and be easily seen.

3. If a statute does not contain adequate standards to guide those who are charged with its enforcement, the statute is void because it impermissibly gives the trier of fact unstructured and unlimited discretion in applying the law. However, a statute cannot be held void on this ground unless the wording of the statute itself is vague. Because the definition and common meaning of the phrase "prominent place" sufficiently provides people of ordinary intelligence with notice of what conduct the statute prohibits, the statute's wording itself is not vague. Even if its wording had been vague, the statute would not have impermissibly conferred discretion on the trier of fact. The statute sufficiently sets forth the elements that the prosecution must prove, which are that a defendant performed one of the specifically enumerated acts with the requisite mental state and that the material lacked the required information. The requirement that the prosecution prove that a defendant knew the label lacked the manufacturer's name and address limits the potential reach of the statute to illegitimate manufacturers and distributors.

4. To facially challenge a statute that regulates both speech and conduct, a defendant must show that its overbreadth is real and substantial in relation to its plainly legitimate sweep and that it presents a realistic danger of significantly compromising the recognized First Amendment protections of parties not before the Court. The overbreadth doctrine does not apply to commercial speech, but the statute at issue regulates both commercial and noncommercial speech by requiring that all recordings distributed or possessed for the purpose of distribution bear the manufacturer's name and address, given that distribution does not require a commercial transaction. Because freedom of expression includes the right to distribute information anonymously, the statute regulates substantially more noncommercial speech and conduct than its plainly legitimate sweep allows. The statute must therefore be construed as limited to reach only those cases in which a person has commercially distributed a recording or possessed a recording for commercial distribution.

Reversed and remanded for further proceedings.

1. CONSTITUTIONAL LAW — STATUTES — VAGUENESS.

A statute is void for vagueness if it does not provide fair notice of the proscribed conduct, is so indefinite as to confer on the trier of fact unstructured and unlimited discretion to decide when an offense has been committed, or is overbroad and impinges on protected First Amendment rights.

2. CONSTITUTIONAL LAW — STATUTES — VAGUENESS — CONFERRING OF DISCRETION ON FACT-FINDER.

A statute may not be voided for conferring unstructured and unlimited discretion on the fact-finder unless the wording of the statute itself is vague; the wording of a statute is not vague if it sufficiently provides people of ordinary intelligence with notice of what conduct the statute prohibits; a statute that clearly and plainly sets forth the elements that the prosecution must prove does not confer unstructured and unlimited discretion on the fact-finder.

3. CONSTITUTIONAL LAW — STATUTES — UNAUTHORIZED DUPLICATION OF RECORDINGS FOR GAIN — VAGUENESS — OVERBREADTH.

The statutory requirement that all recordings distributed or possessed for the purpose of distribution bear the manufacturer's name and address applies only to cases in which a person has commercially distributed a recording or possessed a recording for commercial distribution (MCL 752.1052[1][d], 752.1053).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training and Appeals, and *Jason W. Williams*, Assistant Prosecuting Attorney, for the people.

*John F. Royal* for defendant.

Before: SHAPIRO, P.J., and WHITBECK and GLEICHER, JJ.

WHITBECK, J. The prosecution charged defendant Todd Alan Douglas, Sr., with copying audio or video recordings for gain. The trial court dismissed the case, ruling that a provision of 1994 PA 210,[1] the statute under which he was charged, was unconstitutional because the statutory term "prominent place" was vague. The prosecution appeals.

The statute provides that "[a] person shall not . . . [s]ell, rent, distribute, transport, or possess for the

---

[1] MCL 752.1051 through 752.1057.

purpose of selling, renting, distributing, or transporting, or any combination thereof, a recording with knowledge that the recording"[2] does not "contain *in a prominent place* on its cover, box, jacket, or label the true name and address of the manufacturer."[3] Because we conclude that the statute gave Douglas constitutionally adequate notice of the conduct prohibited or required, we reverse. However, we confine the scope of the statute to commercial speech to eliminate its application to activities that the First Amendment protects.

## I. BASIC FACTS

In late April 2010, Officers James Wiencek and Eric Smielski of the Detroit Police Department observed a red car stop for an unusually long time at an intersection. While the car was stopped, Douglas, who was the driver of the car, and the passenger, his son, talked with a woman in another car parked on the side of the road. For several minutes, the red car blocked the lane leading into the intersection so that other cars could not pass through, causing a traffic backup. The red car finally turned right at the intersection. The officers pulled up next to the woman in the parked car, and she told them, "Thank you. You saved me." The officers then activated the patrol car lights and stopped the red car.

Upon approaching the red car, Officer Wiencek noticed several digital video discs (DVDs) lying on the floor by the passenger seat. Officer Wiencek realized that the DVDs were marked with titles of movies that were still playing in theaters. In addition, the DVDs were not packaged and the titles were handwritten. The officers ordered Douglas out of the car, and although he initially refused to follow the officers' orders, he even-

---

[2] MCL 752.1052(1)(d).

[3] MCL 752.1053 (emphasis added).

tually got out of the car after backup and supervisory officers arrived. The officers then arrested Douglas and searched the car. In total, the officers confiscated two compact disc (CD) and DVD burners, 334 counterfeit CDs and DVDs, and 100 blank recordable discs. After the officers arrested Douglas, he told them that he did not want his son to get into trouble and that "[e]verything in the car is mine . . . ."

The officers later confirmed that some of the DVDs that they found in Douglas's car had not yet been released in DVD format on the date that the officers confiscated them. They also determined that the CDs and DVDs were illegitimate copies made with a burner and that the CDs and DVDs did in fact contain audio and video recordings. Neither the DVDs nor the CDs contained any written information on them besides the handwritten titles. They did not contain the studio logo, the name or address of the manufacturer, or the other markings that legitimate manufacturers normally place on these labels.

Douglas moved to suppress the evidence and dismiss the case for lack of evidence, claiming that the officers unlawfully stopped his car. At the hearing on the motion, the trial court expressed concern about the constitutionality of MCL 752.1053 and requested that the attorneys research whether the statute was impermissibly vague or overbroad. The trial court suggested to Douglas that he move to dismiss the case on vagueness grounds.

At the subsequent hearing on Douglas's motion to dismiss, the trial court engaged in the following dialogue with the prosecutor:

> *The Court*: Well, I indicated to the lawyers that I thought that there was a constitutional problem with the words, prominent place. As is evident now and on the basis of this case, the charging [statute] . . . indicates, quote, recordings did not contain in a prominent place on the cover box, jacket or label the true name and address of the manufacturer.

The problem that I have is, not that I am anti prosecu-tor, but the state gets to decide if that statute is violated and that I do not believe that that's how the legislature can work in enacting statutes. Therefore—

[*The Prosecutor*]: Your honor, I am sorry. In this case with the CDs that the Defendant has the name is written in marker on the CD or DVD. Obviously, that is in violation of the statute.

*The Court*: Well, it would be a factual problem if the case could go to the jury. However, I didn't rent the DVDs from whatever the video store is near my house, but my children did and I looked at the box. The manufacturer's detail is typically in the lower left corner of the back of the DVD box.

I don't see how anybody can consider that a prominent place, leading me to the problem that this case brings to fore that the prominent place is something decided as a matter of law by the prosecution and I think that is void for vagueness.

The matter is dismissed because I find that the statute under which he has [been] charged is unconstitutional. Go ahead.

[*The Prosecutor*]: Your Honor, only that this Defendant didn't have any boxes, just a CD that had a name written on it in marker. So, I don't know that is comparable to what your Honor just described.

The trial court held the statute unconstitutional and, as a result, dismissed the charge against Douglas. The prosecution now appeals.

## II. VAGUENESS

### A. STANDARD OF REVIEW

The constitutionality of a statute is a question of law that this Court reviews de novo.[4]

---

[4] *People v Barton*, 253 Mich App 601, 603; 659 NW2d 654 (2002).

## B. LEGAL STANDARDS

This Court must assume that a statute is constitutional and construe that statute as constitutional unless it is clearly unconstitutional.[5] " 'The party challenging a statute has the burden of proving its invalidity.' "[6] A defendant may challenge a statute for vagueness on three grounds: (1) the statute does not provide fair notice of the proscribed conduct, (2) the statute is so indefinite as to confer on the trier of fact " 'unstructured and unlimited discretion' " to decide when an offense has been committed, and (3) the statute is overbroad and impinges on protected First Amendment rights.[7]

## C. CONSTITUTIONALITY "AS APPLIED" AND ADEQUATE NOTICE

To challenge the statute on the ground that it did not provide adequate notice, Douglas bore the burden to identify specific facts that suggested he complied with the statute and then argue that the term "prominent place" was vague.[8]

In *People v Beam*, this Court addressed the constitutionality of a statute[9] that imposed criminal liability on dog owners for their dogs' attacks if the owner had previously trained the dog to fight.[10] The statute, however, only held the owner liable if the victim had not provoked the attack.[11] The defendant argued that the

---

[5] *People v Dipiazza*, 286 Mich App 137, 144; 778 NW2d 264 (2009).

[6] *Id.*, quoting *In re Ayres*, 239 Mich App 8, 10; 608 NW2d 132 (1999).

[7] *People v Petrella*, 424 Mich 221, 253; 380 NW2d 11 (1985), quoting *Woll v Attorney General*, 409 Mich 500, 533; 297 NW2d 578 (1980).

[8] See *People v Beam*, 244 Mich App 103, 107-108; 624 NW2d 764 (2000).

[9] MCL 750.49(10).

[10] *Beam*, 244 Mich App at 107.

[11] *Id.*

statutory term "provocation" was impermissibly vague, rendering the statute void for vagueness.[12] The trial court agreed and dismissed the case.[13] This Court disagreed, held the statute constitutional as applied to the defendant, and reinstated the charge.[14] The Court held that, to mount a vagueness defense, the defendant must "point to some facts suggesting 'provocation' and argue that, because that term is so vague, the trier of fact is granted unstructured and unlimited discretion in determining whether it occurred."[15] Because the facts did not even arguably fall within the meaning of "provocation," the Court held the statute constitutional as applied.[16]

Douglas similarly fails to point to any facts indicating that he complied with the statute *at all*—that is, that his CDs and DVDs *somewhere* displayed the manufacturer's true name and address. Therefore, he cannot claim that vagueness in the words "prominent place" caused him to violate the statute because, at a minimum, MCL 752.1053 requires that the manufacturer's information be displayed *somewhere* on the item. Because the CDs and DVDs in Douglas's car did not contain this information *anywhere*, the issue of whether the words "prominent place" provided him adequate notice and instruction such that he could be expected to follow the law does not actually arise.

Although, hypothetically, the meaning of "prominent place" might be confusing, causing the distribution or selling of CDs or DVDs that are labeled incorrectly, Douglas cannot argue that this possible confusion caused him

---

[12] *Id.* at 105.

[13] *Id.*

[14] *Id.* at 109-110.

[15] *Id.* at 107-108.

[16] *Id.*

to violate the statute when his CDs and DVDs contained absolutely *no* attempt to convey the required information. Stated another way, the possible vagueness of the term "prominent place" might affect *how* the recording must display the required information—for example, in what location, size, color, or font. But the term does not create any doubt regarding *whether* the recording must state the information; this the statute clearly, unequivocally, and very directly requires.

Regardless, the term "prominent place" provides adequate notice of the prohibited or required conduct. It is a fundamental principle of due process that " '[n]o one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes'."[17] If, because of the vagueness of the statutory language, a person of ordinary intelligence would not understand the statute's meaning, this Court must hold the statute void for vagueness.[18] But due process requires only that a statute provide notice of what conduct " 'is probably or certainly criminal.' "[19] " 'Provided that conduct is of a sort widely known among the lay public to be criminal . . . a person is not entitled to clear notice that the conduct violates a *particular* criminal statute.' "[20] Additionally, a statute provides fair notice if a person could fairly ascertain its meaning by reference to prior judicial opinions, the common law, dictionaries, or the common meanings of words.[21]

---

[17] *People v Lynch*, 410 Mich 343, 359; 301 NW2d 796 (1981) (LEVIN, J., concurring), quoting *Lanzetta v New Jersey*, 306 US 451, 453; 59 S Ct 618; 83 L Ed 888 (1939).

[18] *People v Munn*, 198 Mich App 726, 727; 499 NW2d 459 (1993).

[19] *People v Lino*, 447 Mich 567, 576 n 4; 527 NW2d 434 (1994), quoting *United States v White*, 882 F2d 250, 252 (CA 7, 1989).

[20] *Id.*

[21] *Beam*, 244 Mich App at 105, citing *People v Noble*, 238 Mich App 647, 651-652; 608 NW2d 123 (1999).

Absent a statutory definition, this Court must give each word of a statute its plain and ordinary meaning.[22] If a statute does not define its terms, this Court may consult dictionary definitions to assist in determining the ordinary meaning of the statutory terms.[23] In this case, the statute does not provide a definition or other direction regarding the meaning of the phrase "prominent place."

*Random House Webster's College Dictionary* (2001) defines the term "prominent" as "standing out as to be seen easily; conspicuous." It defines "place" as "a particular portion of space, whether of definite or indefinite extent." Together with the wording of the statute, these terms require the manufacturer's true name and address to be on a particular portion of the cover, box, jacket, or label so that the information will stand out and be easily seen. This language is sufficiently clear to provide notice of what the statute requires.

### D. LIMITATION OF DISCRETION

If a statute does not contain adequate standards to guide those who are charged with its enforcement, the statute is void because it impermissibly gives the trier of fact "unstructured and unlimited discretion" in applying the law.[24] However, this Court cannot determine that a statute impermissibly confers unstructured and unlimited discretion unless it first concludes that the wording of the statute itself is vague.[25] As discussed

---

[22] *People v Nichols*, 262 Mich App 408, 413; 686 NW2d 502 (2004), citing *People v Cathey*, 261 Mich App 506; 681 NW2d 661 (2004).

[23] *Id.*

[24] *West Bloomfield Charter Twp v Karchon*, 209 Mich App 43, 54; 530 NW2d 99 (1995).

[25] *People v White*, 212 Mich App 298, 313; 536 NW2d 876 (1995).

earlier, the definition and common meaning of the phrase "prominent place" sufficiently provides people of ordinary intelligence with notice of what conduct the statute prohibits. The wording of the statute, therefore, is not so indefinite that it confers unstructured and unlimited discretion on the trier of fact.[26]

But even if this statutory language had been vague, the statute would not have impermissibly conferred discretion on the trier of fact. If a statute "clearly and plainly sets forth the elements that the prosecutor must prove beyond a reasonable doubt," then "it does not leave the jury with unstructured and unlimited discretion in finding guilt."[27] In *People v Russell*, this Court held that, because the criminal sexual conduct statute sufficiently defined "sexual contact" and required the trier of fact to find that the defendant had engaged in "sexual contact," the statute met the constitutional threshold.[28] In contrast, this Court held in *People v Gagnon*[29] that a statute proscribing any intoxicated person from causing a "public disturbance" vested unlimited discretion in the trier of fact because the statutory standard did not "elaborate on what actions qualify as a public disturbance . . . ."[30]

Read together, MCL 752.1052 and MCL 752.1053 sufficiently set forth the elements that the prosecution must prove. These provisions state that "[a] person shall not . . . [s]ell, rent, distribute, transport, or possess for the purpose of selling, renting, distributing, or transporting, or any combination thereof, a recording with

---

[26] *Petrella*, 424 Mich at 253.

[27] *People v Russell*, 266 Mich App 307, 312; 703 NW2d 107 (2005); see also *id.* at 311.

[28] *Id.* at 311-312.

[29] *People v Gagnon*, 129 Mich App 678, 684; 341 NW2d 867 (1983).

[30] *Id.* at 683-684.

knowledge that the recording"[31] does not "contain in a prominent place on its cover, box, jacket, or label the true name and address of the manufacturer."[32] The prosecution must therefore prove that a defendant performed one of the specified acts with the requisite mental state and that the material lacked the required information.

Most importantly, the prosecution must prove that a defendant knew the label lacked the manufacturer's name and address. This requirement substantially limits the potential reach of the statute because, in general, only illegitimate manufacturers and distributors of these materials will have actual knowledge that the items they sell or deal in do not contain the required information. (The exception being the person who distributes original recordings to spread a message. This exception will be discussed later.) Thus, the innocent resale of legitimately bought items would generally not violate the statute even if the *manufacturer* had failed to place the required information on the item, because the *seller* would lack such knowledge. For these reasons, the limited amount of discretion the statute may confer on the jury in interpreting the meaning of "prominent place" is a far cry from the "unstructured and unlimited discretion" that *Russell* and other cases prohibit.

### E. OVERBREADTH

Generally, a defendant may only challenge a statute as vague or overbroad in light of the facts of the case at issue.[33] If the defendant's conduct falls within the constitutional scope of the statute, the charge may not be defended on the basis that the statute is vague or over-

---

[31] MCL 752.1052(1)(d).

[32] MCL 752.1053.

[33] *People v Rogers*, 249 Mich App 77, 95; 641 NW2d 595 (2001).

broad.[34] However,

> [t]his rule of standing is relaxed when First Amendment
> rights are involved. Recognizing that the "First Amend-
> ment needs breathing space," the overbreadth doctrine
> permits litigants "to challenge a statute not because their
> own rights of free expression are violated, but because of a
> judicial prediction or assumption that the statute's very
> existence may cause others not before the court to refrain
> from constitutionally protected speech or expression."[35]

When a defendant challenges a statute that regulates both speech and conduct, the defendant must show that the overbreadth of the statute is not only " 'real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.' "[36] As the United States Supreme Court has explained, the "mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge."[37] Rather, "there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court for it to be facially challenged on overbreadth grounds."[38]

The statute at issue regulates both speech and conduct. It prohibits selling, renting, distributing, and possessing certain recordings—which, reasonable minds would agree, constitute conduct—as well as the dissemination of the speech and ideas contained within those recordings.[39]

---

[34] *Id.*

[35] *Id.* at 95, quoting *Broadrick v Oklahoma*, 413 US 601, 611-612; 93 S Ct 2908; 37 L Ed 2d 830 (1973).

[36] *Rogers*, 249 Mich App at 96, quoting *Broadrick*, 413 US at 615.

[37] *Los Angeles City Council v Taxpayers for Vincent*, 466 US 789, 800; 104 S Ct 2118; 80 L Ed 2d 772 (1984).

[38] *Id.* at 801.

[39] See *Briggs v State*, 281 Ga 329, 336-337; 638 SE2d 292 (2006) (Melton, J., dissenting); *People v Anderson*, 235 Cal App 3d 586, 588; 286 Cal Rptr 734 (1991).

The overbreadth doctrine, however, does not apply to commercial speech.[40] Commercial speech does not require the additional protection because "commercial speech is more hardy, less likely to be 'chilled,' and not in need of surrogate litigators."[41] In essence, the law presumes that the economic incentive to speak will outweigh the chilling effect a law may have, removing any need to allow a party to raise the rights of third parties not before the court.

The statute here regulates both commercial and noncommercial activity. Although the statute regulates selling and renting, it goes further to regulate distribution and possession for the purpose of distribution. Disregarding the parts of the statute that regulate commercial activity, the statute requires labeling of all recordings "distributed" or "possessed for the purpose of . . . distribution . . . ."[42] Because the statute does not define the word "distribute," and no case has yet interpreted the meaning of "distribute" in MCL 752.1053, this Court may turn to dictionary definitions in giving this statutory term its ordinary and generally accepted meaning.[43]

"Distribute" can mean several things, including (1) "to divide and give out in shares; allot," (2) "to spread throughout a space or over an area; scatter," (3) "to pass out or deliver: *to distribute pamphlets*," and (4) "to sell (merchandise) in a specified area."[44] Under the first three of these definitions, a person may "distribute"

---

[40] *Hoffman Estates v Flipside, Hoffman Estates*, 455 US 489, 497; 102 S Ct 1186; 71 L Ed 2d 362 (1982).

[41] *State Univ of New York Bd of Trustees v Fox*, 492 US 469, 481; 109 S Ct 3028; 106 L Ed 2d 388 (1989).

[42] MCL 752.1053.

[43] *People v Tombs*, 260 Mich App 201, 209; 679 NW2d 77 (2003).

[44] *Random House Webster's College Dictionary* (2001).

recordings without conducting a commercial transaction, because these definitions do not require the person to engage in any type of sale.

We conclude that the statute regulates substantially more noncommercial speech and conduct than its plainly legitimate sweep allows. In *Talley v California*,[45] the United States Supreme Court struck down a law that prohibited the distribution of any handbill that did not contain the name of the person who "printed, wrote, compiled or manufactured the same." The Court held that this identification requirement impermissibly restricted the freedom of expression, which includes the right to distribute information anonymously because " '[l]iberty of circulating is as essential to that freedom as liberty of publishing; indeed, without the circulation, the publication would be of little value.' "[46] The Court explained:

> Anonymous pamphlets, leaflets, brochures and even books have played an important role in the progress of mankind. Persecuted groups and sects from time to time throughout history have been able to criticize oppressive practices and laws either anonymously or not at all. The obnoxious press licensing law of England, which was also enforced on the Colonies[,] was due in part to the knowledge that exposure of the names of printers, writers and distributors would lessen the circulation of literature critical of the government. . . . It is plain that anonymity has sometimes been assumed for the most constructive purposes.[47]

Although the state of California had a legitimate interest in preventing fraud, false advertising, and libelous

---

[45] *Talley v California*, 362 US 60, 61; 80 S Ct 536; 4 L Ed 2d 559 (1960).

[46] *Id.* at 64, quoting *Lovell v City of Griffen*, 303 US 444, 452; 58 S Ct 666; 82 L Ed 949 (1938).

[47] *Talley*, 362 US at 64-65.

messages, in *Talley*, the Supreme Court held that the legislature had regulated too much speech because the statute did not limit its reach to materials containing such statements.[48] The Supreme Court, therefore, struck down the statute as facially overbroad.[49]

MCL 752.1053 clearly, and impermissibly, prohibits the anonymous distribution of CDs, DVDs, and other recordings, and a defendant may therefore challenge the statute on overbreadth grounds.[50] CDs and DVDs today spread information in a way similar to the handbills and pamphlets so common in England and colonial America. People can, and do, create and record original commentaries, speeches, documentaries, and other political and social communication on CDs and DVDs. Because of their audio and visual format, these recordings may be even more effective in evoking a reaction than the printed form. The Legislature designed the statute at issue to prohibit and punish the unauthorized duplication of movies, music, and other so-called "pirated" media. The statute as written, however, applies overbroadly to the innocent distribution of original recordings containing political messages and social commentary and of countless other noncommercial recordings.

But this Court can construe MCL 752.1053 to limit its reach to avoid the necessity of striking it down. "A statute may be saved from being found to be facially invalid on overbreadth grounds where it has been or could be afforded a narrow and limiting construction by state courts or if the unconstitutionally overbroad part of the statute can be severed."[51] A trial court has the

---

[48] *Id.* at 64.

[49] *Id.* at 65.

[50] See, e.g., *Briggs*, 281 Ga at 331.

[51] *Rogers*, 249 Mich App at 96.

"duty to uphold the constitutionality of a statute or ordinance and, if necessary, to give . . . a limiting construction if to do so would render it constitutional."[52] If the trial court can limit the construction of a statute consistently with the Legislature's ascertainable intent, it must do so before holding the statute unconstitutional.[53]

We therefore limit the statute's reach to those cases in which a person has commercially distributed a recording or possessed a recording for commercial distribution.[54] This limitation adequately restricts the sweep of the statute to commercial speech, which the state may regulate more broadly.[55] Limiting the statute to commercial speech allows innocent distributors of original works to give away their original recordings and prevents a potential First Amendment violation. This result removes Douglas's overbreadth challenge to the statute, as the limitation required the prosecution to show that he possessed the recordings for the purpose of commercial distribution or, alternatively, to dismiss the charges against him.

In summary, in enacting the statute, the Legislature intended to prohibit the sale, distribution, and posses-

---

[52] *Barton*, 253 Mich App at 606.

[53] *People v Johnson*, 427 Mich 98, 137; 398 NW2d 219 (1986), quoting *People v O'Donnell*, 127 Mich App 749, 757; 339 NW2d 540 (1983) (" '[I]t is the Court's duty to give the statute a narrowing construction so as to render it constitutional if such a construction is possible without doing violence to the Legislature's intent in enacting the statute.' ").

[54] See also *Briggs*, 281 Ga at 331 (recognizing that a similar statute "aims to protect the public and entertainment industry from piracy and bootlegging"), and *Anderson*, 235 Cal App 3d at 590-591 (stating the state's interest in a similar statute was "the desire to protect the public in general, and the many employees of the vast entertainment industry in particular, from the hundreds of millions of dollars in losses suffered as a result of 'piracy and bootlegging' of the industry's products").

[55] Cf. *Anderson*, 235 Cal App 3d 586.

sion of illegally manufactured CDs, DVDs, and other recordings by making it a crime to take these actions unless the manufacturer's name and address were printed on the label. The Legislature, however, chose an impermissible way of achieving this goal when it made the law applicable to all distribution and possession of these recordings, whether commercial or noncommercial in nature. Because this Court can narrowly construe the statute consistently with the Legislature's intent, and thereby avoid the constitutional problem presented, we do so rather than strike the statute as unconstitutional.

We reverse and remand for further proceedings in accordance with this opinion. We do not retain jurisdiction.

SHAPIRO, P.J., and GLEICHER, J., concurred with WHITBECK, J.