# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 29, 2014

148347

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

RANDALL SCOTT OVERTON,
        Defendant-Appellant.
_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

SC: 148347
COA: 308999
Wayne CC: 11-002103-FC

On October 7, 2014, the Court heard oral argument on the application for leave to appeal the October 31, 2013 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH, J. (*dissenting*).

Call me a "textualist" or a "strict constructionist" if you must, but I agree with Justice MCCORMACK'S conclusion that defendant's conviction for first-degree criminal sexual conduct should be vacated because, on the basis of the plain language of MCL 750.520a(r), there was insufficient evidence to establish that defendant engaged in the "intrusion, however slight, *of any part of a person's body* or of any object *into* the genital or anal openings of *another person's body* . . . ." (Emphasis added.) Specifically, I agree that, under the plain language of the statute, a finger cannot also constitute an "object" because to hold otherwise would render surplusage the phrase "part of a person's body," contrary to the rules of statutory interpretation. *In re MCI Telecom Complaint*, 460 Mich 396, 414 (1999) ("[A] court should avoid a construction that would render any part of the statute surplusage or nugatory."). I also agree that the phrase "a person's body" when juxtaposed against the phrase "another person's body" excludes the intrusion of an alleged victim's finger into his or her own genital or anal openings at a defendant's direction. As Justice MCCORMACK explains, in context the requirement that the intrusion be into "*another* person's body" necessarily refers to the body of someone else.

Our primary goal when interpreting statutes "is to give effect to the intent of the Legislature," and "[t]he first step in that determination is to review the language of the statute itself." *Id*. at 411. I agree with Justice MCCORMACK that the text of the statute unambiguously supports defendant and, as a result, it is up to the Legislature to amend the statutory provision, and thus provide adequate notice, if it wishes to clarify that the statute's plain language is inconsistent with its true intent. See *People v Turmon*, 417 Mich 638, 655 (1983) (explaining the indisputable proposition that due process requires

that citizens "be apprised of conduct which a criminal statute prohibits"). Accordingly, I respectfully dissent.

McCORMACK, J. (*dissenting*).

I respectfully dissent from the Court's order. I would reverse the defendant's first-degree criminal sexual conduct (CSC-I) conviction, for which he is serving 25 to 40 years.

The defendant is a Detroit police officer who was convicted by a jury for engaging in inappropriate sexual conduct with his girlfriend's 11-year-old daughter. The defendant's conviction for CSC-I is the result of an incident in which he "instructed" the victim about using a tampon. Specifically, the defendant had the victim insert a finger into her vagina while he held up a mirror in which she was to check her method. The defendant admitted telling the victim how to insert the tampon but denied telling her to digitally penetrate herself.

As charged against the defendant, CSC-I requires "engag[ing] in sexual penetration with another person" under the age of 13. MCL 750.520b(1)(a). "Sexual penetration," in turn, is defined in MCL 750.520a(r) as

> sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genitalia or anal openings of another person's body, but emission of semen is not required.

The Court of Appeals was satisfied that the defendant "was engaged in the intrusion of a human body part—a finger—into the genital opening of another person's body—the victim's vagina—when the victim obeyed [the defendant's] instruction to digitally penetrate herself under the pretext of teaching her how to use a tampon." *People v Pope*, unpublished opinion per curiam of the Court of Appeals, issued October 31, 2013 (Docket Nos. 306372 and 308999), p 4. In other words, the panel found that the defendant had engaged in sexual penetration because he was responsible for the victim's *self*-penetration. The Court of Appeals ignored the plain language of the statute, however, which requires the intrusion of "any part of a person's body" or "any object" into "*another* person's body." MCL 750.520a(r) (emphasis added).

"Another" is not defined in the statute but "[c]ourts are to accord statutory words their ordinary and generally accepted meaning." *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27 (1995). The ordinary meaning of "another" is, of course, someone else. In addition, the article "a" in the phrase "any body part of a person's body" underscores the statute's distinction between the person performing the penetration, on the one hand, and the person being penetrated, on the other. The Court of Appeals missed this distinction.

Nor can the victim's finger constitute an "object" for the purposes of MCL 750.520a(r). While "object" is not defined within the statute, the ordinary meaning does not include body parts. And it is reasonable to infer that the Legislature did not view body parts as encompassed within the term "object" since MCL 750.520a(r) specifically refers to them as a "part of a person's body" and as separate from an "object." If body parts could be counted as objects, there would have been no need to separately include "any part of a person's body" in the statute; "object" could have done the work. Indeed, there is no authority construing the victim's own finger as an object for the purposes of MCL 750.520a(r).[1]

Finally, the application of the CSC-I statute to the defendant's conduct here is in conflict with the pattern of the activities that are explicitly referred to in MCL 750.520a(r). As examples of "sexual penetration," the statute lists "sexual intercourse, cunnilingus, fellatio, anal intercourse." MCL 750.520a(r). The only acts enumerated are those requiring physical contact between two people. Under the doctrine of *ejusdem generis*, a broad term following a series of specific items "is restricted to include only things of the same kind, class, character, or nature as those specifically enumerated; that is, because the listed items have a commonality, the general term is taken as sharing it." *Weakland v Toledo Engineering Co, Inc*, 467 Mich 344, 349-350 (2003) (quotation marks and citation omitted). The intrusions targeted by the statute are restricted to those having the same character as the ones enumerated, i.e., acts involving physical contact between two people.

Undoubtedly, the defendant's general pattern of conduct towards the victim makes him entirely unsympathetic, and I see no problem with affirming his second-degree criminal sexual conduct (CSC-II) and gross indecency convictions that were based on other actions involving the victim. And it is certainly an understatement to say that the specific act at issue here is suspect; the act is likely even sufficient to sustain another conviction for CSC-II.[2] But the question is whether the defendant's instruction to the

---

[1] Although the prosecution argued that the victim's fingers were used as objects, it cited only cases involving penetration by the defendant's finger or an object that was not a body part. See, e.g., *People v Grissom*, 492 Mich 296, 300-301 (2012) (stating that the defendant "slid a ring with several stones on it down one of his fingers to the knuckle and . . . forced that finger into her vagina"); *Simmons v State*, 746 NE2d 81, 86 (Ind App, 2001) ("A finger may be considered an object under the statute."); *State v Grant*, 33 Conn App 133, 141 (1993) (holding that penetration of the child's vagina by the defendant's finger constituted sexual intercourse by an object). But with no allegation of force or any form of physical assistance used, there is a difference between a perpetrator's finger and a victim's.

[2] CSC-II criminalizes instances in which the offender "engages in *sexual contact* with another person" such as when, for example, the other person is under 13 years of age.

victim and her action in response was actually an intrusion "of any part of a person's body or of any object" into "another person's body" so that his 25- to 40-year sentence for CSC-I has support under the statute. The plain language of MCL 750.520b(1)(a) simply does not encompass the defendant's specific conduct here. Accordingly, I would vacate the defendant's CSC-I conviction.

Finally, in addition to the textual weakness I have identified, I believe the Court of Appeals' holding in this case should alert us to the possibility of overbreadth in connection with this statute in future cases. While the facts here do not, in my view, raise an overbreadth concern,[3] I worry that affirmance of the defendant's CSC-I conviction would provide support going forward for prosecuting truly innocuous and even common parenting events, such as a mother instructing her daughter about genital hygiene.

---

MCL 750.520c(1)(a) (emphasis added). "Sexual contact" is defined as

> the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being *for the purpose of sexual arousal or gratification*, done for a sexual purpose, or in a sexual manner for:
>
> > (*i*) Revenge.
> >
> > (*ii*) To inflict humiliation.
> >
> > (*iii*) Out of anger.

MCL 750.520a(q) (emphasis added). CSC-II does not require the physical interaction of two separate individuals, but merely necessitates that the offender "engage" in the touching, that the "toucher" (be that person the offender or the victim) do it intentionally (e.g., by instruction), and that the offender be acting for the purpose of his own sexual gratification. In this case, the defendant's intentional penetration instruction, the victim's obedience thereto, and the sexual nature of the interaction plainly fit the elements of CSC-II.

[3] "Generally, a defendant may only challenge a statute as vague or overbroad in light of the facts of the case at issue." *People v Douglas*, 295 Mich App 129, 140 (2011).

Crucially, the statute at issue here has no *mens rea* requirement. Therefore, with a victim's self-penetration now encompassed within it, there is no requirement that a defendant's involvement in that self-penetration be for a noninnocent purpose. Innocent conduct could thus be easily swept into the statute's broad reach.

Again, the defendant's conduct in this instance, especially when viewed against the backdrop of the other conduct for which he was separately convicted of CSC-II and gross indecency, permits an inference that his particular conduct was, in fact, for a noninnocent purpose. But because the statute does not require any showing of a noninnocent purpose, innocent parenting conduct could be subject to the same 25- to 40-year sentence. We can address that issue when and if it is put to us.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 29, 2014



Clerk

p1222