# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v

LYMANCE ENGLISH,

       Defendant-Appellee.

FOR PUBLICATION
October 27, 2016

No. 330389
Oakland Circuit Court
LC No. 2014-250982-FH

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v

BRANDON RENAR SMITH,

       Defendant-Appellee.

No. 330390
Oakland Circuit Court
LC No. 2015-255117-FH

---

Before: WILDER, P.J., and MURPHY and O'CONNELL, JJ.

O'CONNELL, J (*dissenting*).

In these consolidated cases, the prosecution appeals by leave granted[1] the trial court's dismissal of charges under MCL 333.7410(3) against each defendant for possessing with intent to deliver drugs within 1,000 feet of a school. The trial court dismissed the charges against the defendants because the prosecution did not show that English and Smith, who each possessed drugs within a school zone, intended to deliver those drugs within a school zone. Because I would conclude that the enhanced penalty statute prohibits possessing drugs "within 1,000 feet of a school," I would reverse and remand.

## I. FACTUAL BACKGROUND

---

[1] *People v English*, 499 Mich 872 (2016); *People v Smith*, 499 Mich 873 (2016).

During a drug raid at the home of Lymance English, police discovered about 14 grams of cocaine, marijuana, a digital scale, sandwich bags, and a handgun. Officers determined that English's property was within 1,000 feet of a high school. As a result, English's charges included one count of possessing with the intent to deliver less than 50 grams of cocaine within a school zone under MCL 333.7410(3).

Similarly, during a drug raid on the apartment and car of Brandon Smith, police discovered 2.2 grams of heroin, baggies, a digital scale, rubber gloves, and a handgun. Officers also discovered a cell phone with messages ordering heroin. Officers determined that Smith's car and apartment were within 1,000 feet of a high school. Smith's charges included one count of possessing with the intent to deliver less than 50 grams of heroin within a school zone under MCL 333.7410(3).

Following their respective preliminary hearings, English and Smith filed motions before the trial court to dismiss the charges under MCL 333.7410(3). Both defendants contended that the trial court must dismiss their charges because the statute required the prosecution to show that they intended to deliver the drugs within the school zone. According to English and Smith, there was no indication that either defendant delivered the drugs from their homes or that they intended to deliver the drugs within the school zone. In both cases, the trial court agreed that MCL 333.7410(3) required the prosecution to show that the defendant intended to deliver the drugs within the school zone and dismissed the charges pertaining to MCL 333.7410(3).

## II. STANDARDS OF REVIEW

This Court reviews de novo the interpretation and application of statutes. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). This Court also reviews de novo the constitutionality of a statute. *People v Douglas*, 295 Mich App 129, 134; 813 NW2d 337 (2011).

## III. STANDARDS OF STATUTORY INTERPRETATION

When interpreting a statute, our goal is to give effect to the intent of the Legislature. *Williams*, 475 Mich at 250. The language of the statute itself is the best indication of the Legislature's intent. *Id*. We must read the statute as a whole and should not read statutory provisions in isolation. *People v Feezel*, 486 Mich 184, 205; 783 NW2d 67 (2010) (opinion by CAVANAGH, J.) To promote harmony and consistency, we must read subsections of cohesive statutory provisions together. *Id*.

If the language of the statute is unambiguous, we must enforce the statute as written. *Id*. Instances of truly ambiguous language are rare. *People v Gardner*, 482 Mich 41, 50 n 12; 753 NW2d 78 (2008). But if the statutory language is ambiguous, judicial construction is appropriate. *Feezel*, 486 Mich at 205 (opinion by CAVANAGH, J.).

## IV. ANALYSIS

The Public Health Code prohibits a wide range of conduct concerning, among other things, controlled substances. MCL 333.1101 *et seq*. The statute at issue is MCL 333.7410(3), which provides as follows:

An individual 18 years of age or over who violates section 7401(2)(a)(*iv*)[2] *by possessing with intent to deliver to another person on or within 1,000 feet of school property or a library a controlled substance* . . . shall be punished . . . by a term of imprisonment of not less than 2 years or more than twice that authorized by section 7401(2)(a)(*iv*) . . . . [Emphasis added.]

This statute, which provides that the sentence is "twice that authorized" by its counterpart MCL 333.7401(2)(a)(*iv*), is an enhanced sentencing provision.

Because the only difference between MCL 333.7401(2)(a)(*iv*), which prohibits possession of controlled substances, and MCL 333.7410(3) is the location in which the drugs are possessed, I would conclude that the Legislature intended it to apply to defendants who possessed drugs within the school zone, regardless of where they intended to deliver them. MCL 333.7410(3) applies when a defendant possesses with intent to deliver a controlled substance within 1,000 feet of a school or library, regardless of the location of the person to which the defendant intends to deliver the substance.

Defendant English contends that two of the possible meanings of MCL 333.7410(3) are consistent with the trial court's dismissal of the charges—that the defendant intended to deliver to a person within 1,000 feet of a school, or that the person to whom the defendant intended to deliver was within 1,000 feet of a school. The prosecution's construction is more reasonable to accomplish the purpose of the statute as an enhanced penalty provision.

The Public Health Code is "intended to be consistent with applicable federal and state law and shall be construed, when necessary, to achieve that consistency." MCL 333.1111. See *Feezel*, 486 Mich at 208 (opinion by CAVANAGH, J.). 21 USC 860(a) prohibits "possessing with intent to distribute . . . a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocation, or secondary school," and anyone who does so is guilty of a crime with an enhanced minimum sentence. This statute is analogous with MCL 333.7410(3). Both statutes provide enhanced sentencing provisions for persons who possess with the intent to distribute a drug within a school zone. While there are minor differences, such as the statute including requirements regarding the age of the offender, the types of conduct these statutes prohibit are substantially similar.

I also find federal law on this point persuasive. Under 21 USC 860(a), it is the location of the drugs, not the intended location of distribution, that is pertinent to the crime. *United States v Rodriguez*, 961 F2d 1089, 1092 (CA 3, 1992); *United States v Harris*, 313 F3d 1228, 1239-1240 (CA 10, 2002).[3] Construing MCL 333.7410(3) consistent with applicable federal law, the

---

[2] MCL 333.7401(2)(a)(*iv*) prohibits a person from "possess[ing] with intent to . . . deliver a controlled substance" that is a narcotic drug in an amount less than 50 grams.

[3] This is consistent with unpublished cases from this Court which have determined the same, or in which we have upheld convictions without any discussion of the location of the defendant's intended delivery. However, at least one unpublished case has ruled insufficient a jury instruction that did not specify that the defendant's intended deliveree was in the school zone.

phrase "within 1,000 feet of a school" describes the location where the defendant possesses the drugs, not the location of the other person or where the defendant intends to deliver the drugs.

Defendant Smith contends that this construction leads to supposedly absurd results because a defendant could be guilty of MCL 333.7410(3) for driving through a school zone while possessing a substance that he or she intends to deliver elsewhere. That a statute appears to be inconvenient or unwise is not a reason for this Court to avoid applying statutory language. *Johnson v Recca*, 492 Mich 169, 187; 821 NW2d 520 (2012). The purpose of the statute is to attempt to protect children from exposure to drugs. *People v McCrady*, 213 Mich App 474, 485; 540 NW2d 718 (1995). Given this purpose, requiring drug dealers to drive around school zones to avoid enhanced sentences appears consistent with the statute. I am less concerned with the resulting inconvenience to drug dealers than with interpreting the statute consistent with the Legislature's intent.

I would conclude that MCL 333.7410(3) prohibits a defendant from possessing drugs within a school zone with intent to deliver them regardless of the intended location of delivery. Accordingly, I would reverse and remand for reinstatement of the charges.

/s/ Peter D. O'Connell